IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Carlo Giuseppe Civelli | § | |
| Aster Capital S.A. (LTD) Panama | § | |
|     Plaintiffs | § | |
| | § | |
| v. | § | CIVIL ACTION NO:_____ |
| | § | |
| J.P. Morgan Chase Securities LLC, | § | |
| JPMorgan Chase Bank, N.A. | § | |
| Phillippe Emanuel Mulacek, | § | |
| Gerard Rene Jacquin, | § | |
| Aster Capital, Inc. | § | |
| John Doe 1 | § | |
| John Doe 2 | § | |
|     Defendants | § | |

## **PLAINTIFFS' ORIGINAL COMPLAINT**

### I.    THE PARTIES

1. Plaintiff, Carlo Giuseppe Civelli ("Civelli"), is a citizen of Switzerland.

2. Plaintiff, Aster Capital S.A. (LTD) Panama (Aster Panama) is a company registered in Panama, whose sole beneficial owner and director was, at all material times, and is Civelli.

3. The Defendant, J.P. Morgan Chase Securities LLC (Chase Securities) is a Delaware corporation, with its principal office and place of business in Columbus Ohio. Chase Securities may be served through its registered agent for service of process, CT Corporation System, 19999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

4. Chase Securities is an affiliate of JPMorgan Chase Bank, N.A., ("Chase Bank") a Delaware corporation with its principal place of business in Columbus Ohio. Chase Bank may be served through its registered agent for service of process, CT Corporation System, 19999 Bryan St., Ste. 900, Dallas, Texas 75201-3136, or at 1111 Polaris Parkway, Columbus, Ohio 43240, or such other place as it may be found.

5. Phillip Emanuel Mulacek ("Mulacek") is a citizen of Texas. Mulacek may be served at the offices of Petroleum Independent & Exploration Corporation, 25025 N I-45, suite 420, The Woodlands, Texas 77380, or any place he may be found.

6. Aster Capital Inc. (Aster Brunei) is company formed under the laws of Brunei, Darussalam and is a resident of Singapore. Aster Brunei's current registered agent for service of process, and principal office are being determined. Aster Brunei is beneficially owned and controlled by Mulacek.

7. Gerard Rene Jacquin ("Jacquin") is a resident of Singapore and the cousin of Mulacek. Jacquin's residence or business address for service of process is being determined. Jacquin may be served at such address or anywhere he may be found.

8. John Doe 1 is person who may have fraudulently received the shares of InterOil Company from Aster Brunei. When the identity of John Doe 1 is determined, the Complaint will be amended.

9. John Doe 2 is person who may have fraudulently received the shares of InterOil Company from Aster Brunei. When the identity of John Doe 1 is determined, the Complaint will be amended.

## II.   JURISDICTION AND VENUE

10. This Court has jurisdiction under 28 U.S.C. § 1332(a)(2) based upon diversity of citizenship. This controversy involves a dispute between citizens of different states and citizens of a State and citizens of a foreign state.

11. Venue is proper under 28 U.S.C. § 1391 in this court because a substantial part of the events or omissions giving rise to the claim occurred in Texas or, alternatively, Chase Securities, Chase Bank, and Mulacek are subject to the court's personal jurisdiction in this district.

### III. FACTUAL BACKGROUND

12. Civelli and Mulacek were, at the material times, business partners and had a relationship of trust and confidence. Civelli was an investor and significant shareholder of InterOil Corporation ("**InterOil**"). The Defendant was the Chief Executive Officer of InterOil and also a shareholder in InterOil. InterOil was an energy company with a primary focus on gas fields in Papua New Guinea. InterOil was listed on the New York Stock Exchange and the Port Moresby Stock Exchange.

13. Sometime between 2016 and early 2017, ExxonMobil acquired InterOil for US$2.5 billion.

### CIVELLI LOANED 645,000 INTEROIL SHARES TO MULACEK

14. In late August or early September 2009, Civelli and Mulacek met in Singapore. Mulacek was in financial distress. Mulacek asked Civelli to loan Mulacek shares in InterOil for the purposes of satisfying a judgment, should Mulacek lose a Texas lawsuit in which Mulacek was a defendant, styled *Todd Peters et al v Phil Mulacek et al*, in the District Court of Montgomery County, Texas (the "**Texas Lawsuit**"). Civelli agreed to make the loan.

15. The key terms of the loan were:

    (1) A loan of InterOil shares would be made to Mulacek for use in the Texas Lawsuit and subsequently repayable upon demand.

    (2) Civelli's shares in InterOil would be held in the trust account of Mr. Dale A Dossey ("**Mr. Dossey**"), an attorney in Texas, who represented both Civelli and Mulacek in other matters.

(hereafter the "Loan Agreement). Civelli trusted Mulacek and did the loan on a handshake. If the shares were needed, upon Civelli's approval, the shares could be transferred to the plaintiff's in the Texas Lawsuit. The loan agreement could have

28858406.1

been documented at that time, as Mulacek would have then used the shares to satisfy the Texas Lawsuit.

16. Mulacek had a significant number of shares in InterOil. As a result of the Texas Lawsuit, Mulacek would potentially have to sell his own InterOil shares. Due to Mulacek's position as a significant shareholder and CEO of InterOil, such a sale could have risked damaging the stock price of InterOil, which was at that point on the cusp of a major prospecting announcement. The loan would mitigate the risk of damaging the InterOil stock price and, therefore, benefit Mulacek, Civelli, and InterOil.

17. To facilitate the loan, Civelli formed Aster Capital S.A.(LTD) Panama to hold the shares.

18. By an email dated 3 September 2009 (which was copied to Mulacek), Dale Dossey made a request to Civelli for the shares to be held in trust. Dossey wrote an email saying::

> *"Carlo, we need at least 400,000 shares, better 600,000 right away. You can DTC this to my account here at Chase and I will distribute the shares. <u>I will open a trust account for Aster here to show a paper trail</u>.*
>
> *We will need an additional 100,000 (for a total of 700,000) mid September.*
>
> *In Care of Dale A. Dossey*
> *A/N C1L-372978*
> *DTC:0226*
> *Chase Bank, The Woodlands, Texas USA*
> *Thanks, Dale"*

(emphasis added)

19. On 4 September 2009, Civelli caused 700,000 shares in InterOil to be transferred from Pacific LNG Operations Ltd (of which the Civelli was the sole beneficial owner, and which Civelli used to hold his shares in InterOil) to an Aster Panama trust account. Civelli then caused 600,000 shares in InterOil to be transferred from the Aster Panama trust account to the trust account of Dale Dossey at Chase Bank.

(Chase Bank Account Number C1L-372978 (the "**Dossey Chase Trust Account**").

20. Pursuant to the Loan Agreement, and the instructions from Mr. Dossey, on 27 October 2009, Civelli caused Aster Panama to transfer a further 45,000 shares in InterOil to the Dossey Chase Trust Account.

21. A total of 645,000 shares in InterOil were transferred by Civelli for the benefit of Mulacek pursuant to the Loan Agreement (the "**Loan Shares**").

22. On or around 15 August 2011, Mulacek returned 105,899 of the Loan Shares to Civelli. This left 539,101 shares still held in trust by Dossey, Mulacek, and the brokerage account holding the Loan Shares.

**TRANSFERS OF THE SHARES TO ASTER PANAMA WITHOUT THE KNOWLEDGE OR CONSENT OF CIVELLI**

23. Unbeknownst to Civelli or Aster Panama, Mulacek instructed Mr. Dossey to transfer a number of the Loan Shares to various corporations beneficially owned or controlled by Mulacek. Plaintiffs did not know the shares had been transferred out of the Dossey Chase Trust Account at the time the transfers were made and did not authorize the transfers. The sequence of transfers, as best as can be determined at this time, is described in the following paragraphs.

24. **First Transfer:** On or around 18 November 2009, 45,000 of the Loan Shares were transferred from the Dossey Chase Trust Account to JPMorgan Account Number CM2-447445-1 ("**JP Account 1**").

25. **Second Transfer:** On or around 24 December 2009, 900,000 shares in InterOil were transferred from the Dossey Chase Trust Account to Deutsche Bank Account Number 5XL-05008 ("**Deutsche Account**"). Out of the 900,000 shares, 527,396 were the Loan Shares. The Deutsche Account belonged to PIE Group LLC ("**PIE**"). At all material times, Mulacek was the sole beneficial owner of PIE. Mulacek and Dale Dossey were managers of PIE.

26. **Third Transfer:** On or around 13 August 2010, a total of 2,503,508 shares in InterOil were transferred from the Deutsche Account to PIE's JPMorgan Account Number 720-17672 ("**JP Account 2**"). The 2,503,508 shares included 527,396 of the Loan Shares.

27. **Fourth Transfer:** On or around 21 December 2010, the 527,396 of the Loan Shares in JP Account 2 were transferred to an account at JPMorgan Account No. 720-18542 ("**JP Account 3**"). JP Account 3 was designated "ACCT. #3 ASTER", and was to be used by PIE to hold the 527,396 Loan Shares. Chase Securities and Chase Bank knew the account was a Pie Group special account for Aster Panama.

28. **Fifth Transfer:** On or around 10 December 2013, 527,396 of the Loan Shares were transferred from JP Account 3 to Bank of Singapore Limited's Account Number 464226 ("**BOS Account**").

    (1) The Loan Shares had a value of US $37,608,609 (Thirty seven million six hundred eight thousand and six hundred and nine dollars).

    (2) The BOS Account was in the name of an entity named "Aster Capital Inc" ("**Aster Brunei**") incorporated in Brunei Darussalam, and not the Plaintiff, Aster Capital S.A. (Ltd) Panama. There was no legitimate reason for creating Aster Brunei, a company whose name was substantially similar to the plaintiff's name, Aster Panama. It was created as part of the scheme to steal the shares of Civelli and Aster Panama.

    (3) Aster Brunei is owned by Gerard Rene Jacquin, who is the Mulacek's cousin. Aster Brunei is beneficially owned and controlled by Mulacek.

    (4) Despite the almost identical name, Aster Brunei is a different entity from Aster Panama, the Plaintiff.

28858406.1

    (5)    The BOS Account was established by Mulacek or by persons acting on the instructions of Mulacek.

    (6)    To the best of the Plaintiffs' information and belief, Mulacek instructed Mr. Dossey to effect the Fifth Transfer to the BOS Account and Mulacek and Dossey effected the transfer.

    (7)    Chase Securities and/or Chase Bank did not have authorization from the owners of the shares, Civelli, Aster Panama, or any of Civelli's companies, to make the transfers and, contrary to industry practice and, upon information and belief, Chase Securities and/or Chase Bank's own policies, transferred the shares.

29.    Upon information and belief, the wrongdoing by Chase Securities and/or Chase Bank was so significant that persons involved with the unauthorized transfer were fired and the bank terminated its banking relationship with Dale Dossey and Mulacek. Both were significant account holders at Chase Securities and/or Chase Bank.

**DEMAND FOR PAYMENT AND DISCOVERY OF WRONGDOING**

30.    On 14 September 2016, at a meeting between Civelli and Mulacek at the offices of Asian Oil & Gas Pte Ltd ("**AOG**") at Shaw House in Singapore, Civelli asked Mulacek about the Loan Shares and demanded that Mulacek return the remaining Loan Shares. By that time, to the best of Civelli's knowledge, the Texas Lawsuit had already been resolved and no payment had been required by Mulacek. Instead, the settlement had been funded by InterOil. Consequently, Mulacek had no need to use the funds for the lawsuit.

31.    Mulacek refused to provide information about the Loan Shares or to return them.

32.    Civelli began efforts to determine the location of the shares. Civelli's representatives contacted Dale Dossey's law firm, but Mr. Dossey had passed away. Mr. Dossey's

son, Jim Dossey, referred Civelli to Mulacek. However, Mulacek would not respond. Ultimately, around May of 2017, Mr. Dossey's son, Jim Dossey, provided information showing the Loan Shares had been transferred the Aster Brunei account in Singapore.

33. Plaintiff pleads the discovery rule. The injury sustained by Civelli and Aster Panama was inherently undiscoverable by Civelli and objectively verifiable. Alternatively, the injury was fraudulently concealed. The owner of the Loan Shares never authorized the transfer of the Loan Shares to Aster Brunei, was never asked to authorize the transfer of the Loan Shares to Aster Brunei, and was unaware of the transfer. Until May of 2017, Civelli and Aster Panama reasonably believed the Loan Shares were being held in trust.

## IV.  CLAIMS

### FIRST CLAIM: BREACH OF CONTRACT AGAINST MULACEK

34. Plaintiffs incorporate by reference, as if fully set forth, the allegations in paragraphs 1 through 33 above.

35. Civelli and Mulacek entered into a Loan Agreement.

36. Mulacek breached the Loan Agreement by not repaying the loan or returning the shares upon demand.

37. As a result of Mulacek's breach of contract, Civelli has been damaged in the amount of a least $37,608,609 (Thirty seven million six hundred eight thousand and six hundred and nine dollars).

38. Civelli is entitled to reasonable and necessary attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code.

## SECOND CLAIM: BREACH OF TRUST AGAINST MULACEK, CHASE BANK, AND CHASE SECURITIES

39. Plaintiffs incorporate by reference, as if fully set forth, the allegations in paragraphs 1 through 33 above.

40. Civelli and Mulacek had a trust relationship. Consequently, Mulacek owed Civelli fiduciary duties.

41. Chase Securities and/or Chase Bank held the Loan Shares in trust for the benefit of Aster Panama. As such, Chase Securities and/or Chase Bank had a trust relationship with Aster Panama, the beneficiary of the trust, and owed Aster Panama fiduciary duties.

42. Mulacek and Chase Securities and/or Chase Bank breached their fiduciary duties and trust by making the Fifth Transfer on or around 10 December 2013, of 527,396 of the Loan Shares from Chase Securities Aster# 3 to Bank of Singapore Limited's Account Number 464226 ("**BOS Account**").

43. As a result of Mulacek and Chase Securities and/or Chase Bank's breaches of fiduciary duty and trust, Civelli and Aster Panama have been damaged in the amount of at least $37,608,609 (Thirty seven million six hundred eight thousand and six hundred and nine dollars).

44. As a result of Mulacek's breaches of trust, Civelli and Aster Panama further seek an order from the court to compel Mulacek to redress his breach of trust by restoring the Loan Shares to Aster Panama and to make a full accounting regarding the Loan Shares. Civelli and Aster Panama further request the court impose a constructive trust on the Loan Shares.

45. As a result of Chase Securities and/or Chase Bank's breaches of trust, Civelli and Aster Panama further seek an order from the court compelling Chase Securities and/or Chase Bank to fully account for all transactions regarding the Loan Shares.

28858406.1

**THIRD CLAIM: NEGLIGENCE AGAINST CHASE SECURITIES AND CHASE BANK**

46. Plaintiffs incorporate by reference, as if fully set forth, the allegations in paragraphs 1 through 33, and 39 through 43, above.

47. Chase Securities and/or Chase Bank knew account 720-18452 was a special account for the benefit of Aster Panama.

48. Chase Securities and/or Chase Bank had policies and procedures to obtain the consent of the owners of shares in accounts at Chase Securities and/or Chase Bank before transferring such shares.

49. Chase Securities and/or Chase Bank failed to obtain the consent of the owner of the Loan Shares to transfer such shares.

50. Chase Securities and or Chase Bank's failure to obtain the consent of the owner, to follow industry practice, and to follow its own policies was negligent and a cause of damages to Civelli and Aster Panama.

51. As a result of Chase Securities and/or Chase Bank's negligence, Civelli and Aster Panama have been damaged in the amount of at least $37,608,609 (Thirty seven million six hundred eight thousand and six hundred and nine dollars).

**FOURTH CLAIM: FRAUDULENT TRANSFER AGAINST MULACEK, ASTER BRUNEI, JACQUIN, JOHN DOE 1 AND JOHN DOE 2**

52. Plaintiffs incorporate by reference, as if fully set forth, the allegations in paragraphs 1 through 33, above.

53. Mulacek's transfer of the shares to Aster Brunei was a fraudulent transfer under the Texas Uniform Fraudulent Transfer Act, Tex. Bus. & Com. Code §§ 24.001 et. seq. Without waiver of any other basis for fraudulent transfer which discovery may show, the transfer was fraudulent because: (a) Mulacek made the transfer with the actual intent to hinder, delay or defraud his creditor, Civelli, or, (b) alternatively, Mulacek

made the transfer without receiving a reasonably equivalent value in exchange for the transfer and was engaged in a business or transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction or Mulacek intended to incur, or believed or reasonably should have believed that he would incur, debts beyond Mulacek's ability to pay as they became due.

54. Once the shares were transferred to Aster Brunei, they may have been transferred to Jacquin or other members of Mulacek's family.

55. Civelli and Aster Panama seek: (a) avoidance of the transfer to Aster Brunei and any subsequent transferee, (b) an attachment or other provisional remedy against the assets transferred or other property of the transferees, (c) an injunction against further disposition by Mulacek or any transferee of the asset transferred or other property, (d) the appointment of a receiver to take charge of the Loan Shares or other assets of Aster Brunei and any subsequent transferee, and (c) any other relief the circumstances may require.

56. Civelli and Aster Panama further seek judgment against Mulacek, Aster Brunei, Jacquin, John Doe 1 and John Doe 2 for the value of the Loan Shares, or the amount necessary to satisfy Civelli and Aster Panama's claim on the Loan Agreement, whichever is less.

57. Civelli and Aster Panama further seek an award of their costs and reasonable attorneys' fees as are equitable and just.

**FIFTH CLAIM: CONVERSION AND THEFT AGAINST MULACEK, ASTER BRUNEI, JACQUIN, JOHN DOE 1 AND JOHN DOE 2**

58. Plaintiffs incorporate by reference, as if fully set forth, the allegations in paragraphs 1 through 33, above.

59. In the alternative, Mulacek, Aster Brunei, Jacquin, John Doe 1 and John Doe 2 converted the shares of Civelli and Aster Panama or committed theft under Chapter

31 of the Texas Penal Code. Civelli and Aster Panama bring this claim for common law conversion and theft under Chapter 134.001 et. seq. of the Texas Civil Practice and Remedies Code.

60. Mulacek, Aster Brunei, Jacquin, John Doe 1 and John Doe 2 wrongfully exercised dominion and control over the Loan Shares to the exclusion of, or inconsistent with the rights of, Civelli and Aster Panama.

61. Alternatively, Mulacek, Aster Brunei, Jacquin, John Doe 1 and John Doe 2 unlawfully appropriated Civelli and Aster Panama's property.

62. As a result of Mulacek, Aster Brunei, Jacquin, John Doe 1 and John Doe 2's conversion and theft, Civelli and Aster Panama have been damaged in the amount of at least $37,608,609 (Thirty seven million six hundred eight thousand and six hundred and nine dollars).

63. The actions of Mulacek, Aster Panama, Jacquin, John Doe 1 and John Doe 2 were done fraudulently, with malice, or with gross negligence. Consequently, Civelli and Aster Panama are entitled to exemplary damages.

64. The actions of Mulacek, Aster Panama, Jacquin, John Doe 1 and John Doe 2 were done intentionally and knowingly, and constitute theft under the provisions of the Texas Penal Code, Chapter 31. Consequently, any limitation in the Texas Civil Practice and Remedies Code, Chapter 41, does not apply.

65. As a result of Mulacek, Aster Panama, Jacquin, John Doe 1 and John Doe 2's theft, Civelli and Aster Panama are entitled to recover their costs and reasonable and necessary attorneys' fees.

**SIXTH CLAIM: CONSPIRACY AGAINST MULACEK, ASTER BRUNEI, JACQUIN, CHASE SECURITIES, CHASE BANK, JOHN DOE 1 AND JOHN DOE 2**

66. Plaintiffs incorporate by reference, as if fully set forth, the allegations in paragraphs 1

28858406.1

through 65, above.

67. Mulacek, Aster Panama, Jacquin, Chase Securities and/or Chase Bank, John Doe 1 and John Doe 2 were members of a common conspiracy. Each had knowledge of, agreed to and intended a common objective or course of action, the theft of Civelli and Aster Panama's shares in InterOil.

68. Mulacek, Aster Panama, Jacquin, Chase Securities and/or Chase Bank, John Doe 1 and John Doe 2 each committed some act or acts to further the conspiracy.

69. Mulacek, Aster Panama, Jacquin, Chase Securities and/or Chase Bank, John Doe 1 and John Doe 2 were each the agent of the other and acting on each other's behalf to accomplish he theft of the Loan Shares.

## V.    JURY DEMAND

70. Civelli and Aster Panama demand a trial by jury and have tendered the applicable jury fee.

## VI.    PRAYER FORRELIEF

71. Plaintiffs, Civelli and Aster Panama, respectfully pray that J.P. Morgan Chase Securities LLC, JPMorgan Chase Bank, N.A., Phillippe Emanuel Mulacek, Gerard Rene Jacquin, Aster Capital, Inc., John Doe 1, Jon Doe 2 be cited to appear and answer and the court award Civelli and Aster Panama:

   (1)   Judgment against all defendants for actual damages in amount not less than $37,608,609 (Thirty seven million six hundred eight thousand and six hundred and nine dollars) ;

   (2)   Judgment against Mulacek for breach of the Loan Agreement;

   (3)   Judgment against Mulacek and Chase Securities and/or Chase Bankfor breach of trust, and to redress the breaches of trust and make a full accounting;

   (4)   Judgment against Chase Securities and/or Chase Bank for negligence;

28858406.1

(5) Judgment against Mulacek, Aster Brunei, Jacquin, John Doe 1 and John Doe 2 for fraudulent transfer;

(6) Judgment against Mulacek, Aster Brunei, Jacquin, John Doe 1 and John Doe 2 for conversion and theft;

(7) Judgment against Mulacek, Aster Brunei, Jacquin, Chase Securities and/or Chase Bank, John Doe 1 and John Doe 2 for conspiracy;

(8) Judgment for all available damages associated with defendant's actions;

(9) Judgment for exemplary damages against all defendants as allowed by law;

(10) Judgment for pre and post-judgment interest at the maximum rate allowed by law;

(11) Judgment for costs;

(12) Judgment for reasonable and necessary attorneys' fees as permitted by applicable law; and

(13) Judgment for such further or other relief, legal or equitable, special or general, as Plaintiffs are entitled to receive.

DATED: December 11, 2017

Respectfully submitted,

_____
Richard A. Schwartz
(Federal Bar No: 5344)
**VORYS, SATER, SEYMOUR AND PEASE, LLP**
700 Louisiana, 41st Floor
Houston, Texas 77002
Phone: 713-588-7000
Fax: 713-588-7081
Email: dschwartz@vorys.com

**ATTORNEYS FOR PLAINTIFFS
CARLO GIUSEPPE CIVELLI
ASTER CAPITAL S.A. (LTD) PANAMA**

28858406.1