IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLO GIUSEPPE CIVELLI, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-3739 |
| | § | |
| J.P. MORGAN CHASE SECURITIES, | § | |
| LLC, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 21] filed by Defendants JPMorgan Chase Securities, LLC, and JPMorgan Chase Bank, N.A. (collectively, "Chase"). Plaintiffs Carlo Giuseppe Civelli and Aster Capital S.A. (Ltd) Panama ("Aster Panama") filed a Response [Doc. # 27], and Chase filed a Reply [Doc. # 29]. Having reviewed the record and the applicable legal authorities, the Court **denies** the Motion to Dismiss.

## I. BACKGROUND

In 2009, Civelli's business partner, Defendant Phillippe Emanuel Mulacek, asked Civelli to loan him Civelli's shares of InterOil Corporation ("InterOil").[1] Mulacek was a defendant in a lawsuit in Texas state court, styled *Peters v. Mulacek*

---

[1] Plaintiffs allege that "[s]ometime between 2016 and early 2017, ExxonMobil acquired InterOil for US$2.5 billion." *See* Complaint [Doc. # 1], ¶ 13.

(the "Texas Lawsuit"). Plaintiffs allege that Mulacek informed Civelli that he would need the shares to satisfy any judgment awarded against him in that lawsuit. Civelli alleges, on the other hand, that the loan would be repayable on demand. Civelli alleges also that the shares would be held "in the trust account of Mr. Dale A. Dossey, an attorney in Texas, who represented both Civelli and Mulacek in other matters."[2] *See* Complaint [Doc. # 1], ¶ 15. Civelli alleges that he formed Aster Panama to hold the shares until he transferred them to Dossey.

Civelli alleges that beginning on September 3, 2009, Dossey requested that the shares be transferred to Chase, where Dossey would "open a trust account for Aster." *See id.*, ¶ 18. On September 4, 2009, Civelli transferred 600,000 InterOil shares "to the trust account of Dale Dossey at Chase Bank." *See id.*, ¶ 19. Additional shares were transferred on later dates. A total of 645,000 InterOil shares were transferred by Civelli. In August 2011, Mulacek returned 105,899 InterOil shares to Civelli.

Civelli alleges that, without his knowledge or consent, Mulacek instructed Dossey to transfer some of the InterOil shares borrowed from Civelli. Civelli alleges that the InterOil shares were transferred to various entities owned or controlled by Mulacek. According to the allegations in the Complaint, the first transfer, on

---

[2] Chase disputes that the accounts into which the InterOil shares were deposited were trust or "special" accounts. For purposes of a motion to dismiss, however, the Court must accept Plaintiffs' allegations as true.

November 18, 2009, involved 45,000 InterOil shares transferred "from the Dossey Chase Trust Account" to a separate Chase account. The second transfer, on December 24, 2009, involved 900,000 InterOil shares (of which 527,396 were shares borrowed from Civelli) transferred "from the Dossey Chase Trust Account" to a Deutsche Bank account belonging to PIE Group LLC ("PIE"). Civelli alleges that Mulacek was the sole beneficial owner of PIE, and that Mulacek and Dossey were its managers. The third transfer, on August 13, 2010, included the 527,396 InterOil shares borrowed from Civelli, which were transferred from PIE's Deutsche Bank account to PIE's Chase account. A fourth transfer, on December 21, 2010, included the 527,396 InterOil shares, which were transferred to another Chase account. Civelli alleges that Chase "knew the account was a Pie Group special account for Aster Panama." *See id.*, ¶ 37. The fifth transfer, on December 10, 2013, included the 527,396 InterOil shares, which were transferred from the Chase account to an account at the Bank of Singapore. The account was in the name of "Aster Capital Inc." ("Aster Brunei"), which is not affiliated with Aster Panama. Civelli alleges that Aster Brunei is owned by Mulacek's cousin, and is "beneficially owned and controlled by Mulacek." *See id.*, ¶ 28. This fifth transfer is the exclusive basis for Plaintiffs' claims against Chase in this lawsuit.

Civelli alleges that in September 2016, he met with Mulacek in Singapore and "demanded that Mulacek return the remaining" InterOil shares that he had loaned to Mulacek. *See id.*, ¶ 30. Civelli alleges that Mulacek refused to return the shares or to provide any information about their location. *See id.*, ¶ 31. Civelli alleges that when he attempted to contact Dossey, he learned that Dossey had died. Civelli alleges that in May 2017, Dossey's son provided information showing that the InterOil shares at issue had been transferred to the Aster Brunei account in Singapore. Civelli alleges that until that time, he believed that the InterOil shares were being held in trust at Chase.

Plaintiffs filed this lawsuit on December 11, 2017. In the Complaint, Plaintiffs assert claims against Chase for breach of trust, negligence, and civil conspiracy. Chase filed the pending Motion to Dismiss, which is now ripe for decision.

## II. STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as

opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Rule 8 "generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 503 (5th Cir. 2014). The Court's task is to determine whether the plaintiff states "a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Id*.

## III. BREACH OF TRUST AND NEGLIGENCE CLAIMS

Chase argues that the breach of trust and negligence claims should be dismissed because Plaintiffs do not allege a factual basis for the existence of a duty that Chase owed to Plaintiffs. Under Texas law, if money is deposited into a special account with the bank, the fund is a trust fund. *See Levine v. Steve Scharn Custom Homes, Inc.*, 448 S.W.3d 637, 659 (Tex. App. – Houston [1st Dist.] 2014, review denied). In that

situation, the bank becomes a "trustee for the disbursement of the money according to the agreement under which the deposit was made." *Id.* "When a trustee relationship is created, a fiduciary duty arises as a matter of law." *Id.* (citing *Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005)). "It is a general rule that a bank is not only permitted to pay the checks drawn by a trustee on his bank account but is under a duty to do so *unless* the bank has knowledge that the trustee is converting or diverting trust funds, or is possessed of information putting it on inquiry." *Sorenson v. Elrod*, 286 F.2d 72, 75 (5th Cir. 1960) (emphasis added).

In this case, Plaintiffs allege that the InterOil shares Civelli loaned to Mulacek were held in a trust account or "special account" at Chase for the benefit of Aster Panama. *See* Complaint, ¶¶ 41, 47. Plaintiffs allege that, when the shares were transferred to a Chase account in December 2010, Chase "knew the account was a Pie Group special account for Aster Panama." *See id.*, ¶ 37. The allegations in the Complaint, which must be taken as true for purposes of the Motion to Dismiss, adequately allege the existence of "special accounts" at Chase in which the InterOil shares were held. Under Texas law, the "special accounts" and Chase's alleged knowledge that the shares were held in the special accounts for Aster Panama's benefit adequately states the existence of a fiduciary duty for purposes of the breach of trust and negligence claims.

Chase argues also that the negligence claim against it is barred by the economic loss rule. The economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007); *accord, Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014) (per curiam). The focus of the rule is "on determining whether the injury is to the subject of the contract itself." *Lamar Homes*, 242 S.W.3d at 12. "In operation, the rule restricts contracting parties to contractual remedies for those economic losses associated with the relationship, even when the breach might reasonably be viewed as a consequence of a contracting party's negligence." *Id.* at 12-13. In this case, there is no contractual relationship involving the "special accounts" between Chase and Plaintiffs. Therefore, the economic loss rule does not apply. *Cf. Horton v. JPMorgan Chase Bank, N.A.*, 2018 WL 494776, *5 (Tex. App. – Dallas Jan. 22, 2018, no pet.) (applying economic loss rule to negligence claim *by depositor* against bank for allowing unauthorized withdrawal of account funds). The Motion to Dismiss these claims is **denied**.

## IV. CIVIL CONSPIRACY CLAIM

To establish a civil conspiracy, the plaintiff must show that the defendants agreed on a goal or course of action, and that one of them committed an unlawful,

overt act in furtherance of the goal or course of action. *Tri v. J.T.T.,* 162 S.W.3d 552, 556 (Tex. 2005). There is no cause of action for a civil conspiracy to be negligent. *See id.* at 557. Additionally, since civil conspiracy is a derivative tort, the plaintiff must show that the defendants were liable for some underlying tort in order to prevail on this cause of action. *See Trammell Crow Co. No. 60 v. Harkinson,* 944 S.W.2d 631, 635 (Tex. 1997).

In this case, Plaintiffs allege that Chase, Mulacek, and others "had knowledge of, agreed to and intended a common objective or course of action, the theft of Civelli and Aster Panama's shares in InterOil." *See* Complaint, ¶ 67. Plaintiffs allege that Chase and/or Mulacek committed acts in furtherance of the conspiracy as set forth in the earlier paragraphs of the Complaint. *See id.*, ¶ 68. In those earlier paragraphs, Plaintiffs allege that Chase knowingly transferred the InterOil shares to Aster Brunei without the required authorization or consent of Aster Panama or Civelli. Plaintiffs' allegations, which this Court is required to accept as true at this stage of the proceedings, adequately state a civil conspiracy claim. Chase's Motion to Dismiss the civil conspiracy claim is **denied**.

## V.     STATUTES OF LIMITATIONS

Chase argues that the applicable statutes of limitations bar Plaintiffs' claims. The Court may grant a motion to dismiss based on a statute of limitations defense

"where it is evident from the pleadings that the action is time-barred . . .." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014); *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016).

Plaintiffs allege that the transfer that forms the basis for their claims against Chase occurred on December 10, 2013. This lawsuit was filed on Monday, December 11, 2017.

The statute of limitations for breach of trust or breach of fiduciary duty is four years. *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(5). Plaintiffs' cause of action for breach of trust against Chase is based exclusively on the December 10, 2013 transfer. Therefore, the cause of action accrued no earlier than December 10, 2013, the date of the challenged transfer. The four year limitations period expired on Sunday, December 10, 2017. Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, a deadline which ends on a weekend is extended to the next business day, which in this case was Monday, December 11, 2017, the date the lawsuit was filed. Consequently, the breach of trust claim is not time-barred.

A negligence claim under Texas law is governed by a two-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a); *Henderson v. Republic of Texas*, 672 F. App'x 383, 384 (5th Cir. 2016). A two-year statute of limitations also applies to a civil conspiracy claim. *See Connell v. Connell*, 889 S.W.2d 534, 540

(Tex. App. – San Antonio 1994, writ denied); *United States ex rel. Jackson v. Univ. of N. Texas*, 673 F. App'x 384, 388 (5th Cir. 2016), *cert. denied*, 138 S. Ct. 59 (2017). As noted above, the causes of action would generally accrue, and the statute of limitations begin to run, at the time the improper transfer was made, December 10, 2013. If the general rule applied, the two-year statute of limitations for Plaintiffs' negligence and civil conspiracy claims would have expired before the lawsuit was filed.

Plaintiffs argue that the discovery rule applies in this case. In certain cases, "the discovery rule may defer accrual of a cause of action until the plaintiff knew or, by exercising reasonable diligence, should have known of the facts giving rise to a cause of action." *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 603 (5th Cir. 2017). "In order for the discovery rule to apply, the nature of the injury must be inherently undiscoverable and the injury itself must be objectively verifiable." *Id.* (citing *Barker v. Eckman*, 213 S.W.3d 306, 312 (Tex. 2006); *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998)).

In this case, Plaintiffs allege that in September 2016, Civelli demanded that Mulacek return the loaned InterOil shares. *See* Complaint, ¶ 30. Plaintiffs allege that Mulacek refused to return the shares or to provide information about their location. *See id.*, ¶ 31. Plaintiffs allege that Civelli began an investigation and discovered in

May 2017 that the InterOil shares had been transferred to Aster Brunei. *See id.*, ¶ 32. Therefore, according to the allegations in the Complaint, Plaintiffs did not learn that Chase had transferred the InterOil shares to Aster Brunei until May 2017, approximately seven months before they filed this lawsuit on December 11, 2017.

Chase asserts that the allegedly improper transfer was not inherently undiscoverable. Civelli alleges that he loaned the InterOil shares for use in the Texas Lawsuit against Mulacek. Chase argues that Civelli, therefore, should have inquired about the status of the Texas Lawsuit and, had he done so, he would have discovered that the case settled in November 2010. Chase's argument fails for several reasons. Initially, there are no allegations or information in the Complaint regarding the settlement of the Texas Lawsuit. Moreover, the only transfer on which Plaintiffs base their claims against Chase occurred in December 2013, more than three years after Chase asserts the Texas Lawsuit settled. It is illogical that the challenged transfer would have been discoverable three years before it occurred. Additionally, Chase cites no legal authority for its argument that Civelli was under an obligation to monitor the progress of the Texas Lawsuit, or that Civelli was under an obligation to demand return of his InterOil shares from Mulacek as soon as the Texas Lawsuit settled.

Plaintiffs have alleged a factual basis for application of the discovery rule. Because they filed this lawsuit against Chase within two years after they allege they discovered the challenged transfer from Chase to Aster Brunei, the Motion to Dismiss the negligence and civil conspiracy claims based on the statute of limitations is denied.

## VI. <u>CONCLUSION AND ORDER</u>

Plaintiffs have satisfied the pleading requirements to the extent that dismissal under Rule 12(b)(6) is inappropriate. The Complaint does not demonstrate on its face that the claims are barred by the applicable statutes of limitation, particularly in light of Plaintiffs' pleading of the discovery rule. Chase's Motion to Dismiss is denied, but the denial is without prejudice to Chase's right to file a motion for summary judgment that will require Plaintiffs to present evidence to support their allegations against Chase. Accordingly, it is hereby

**ORDERED** that Defendants JPMorgan Chase Securities, LLC, and JPMorgan Chase Bank, N.A.'s Motion to Dismiss [Doc. # 21] is **DENIED**.

SIGNED at Houston, Texas, this **26th** day of **June, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE