IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLO GIUSEPPE CIVELLI, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-3739 |
| | § | |
| J.P. MORGAN CHASE SECURITIES, | § | |
| LLC, *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss for *Forum Non Conveniens* ("Motion to Dismiss") [Doc. # 86] filed by Philippe Mulacek, Michelle Mulacek Vinson, Pierre Mulacek, Mauricette Mulacek, and Ronald Mulacek (collectively, "Mulacek Defendants"). Defendants J.P. Morgan Securities, LLC and JPMorgan Chase Bank, N.A. (collectively, "Chase Defendants") filed an Objection [Doc. # 90], and Plaintiffs Carlo Giuseppe Civelli and Aster Capital S.A. (Ltd) Panama filed an Opposition [Doc. # 91]. The Mulacek Defendants filed a Reply [Doc. # 99], and Plaintiffs filed a Sur-Reply [Doc. # 100].

The Court has carefully reviewed the record and the applicable legal authorities. Based on that review, the Court finds that the Mulacek Defendants have failed to demonstrate that Singapore is an available alternative forum for this dispute. On that basis, the Court **denies** the Motion to Dismiss.

I.  **BACKGROUND**

This dispute involves, *inter alia*, shares of InterOil Corporation stock owned by Civelli and loaned to Phillippe Mulacek ("Mulacek"). In this lawsuit, Civelli alleges that he first learned in May 2017 that his InterOil shares – shares that he believed were being held in trust at Chase – had been transferred to an account in Singapore controlled by Mulacek. Civelli sued the Chase Defendants based on the allegedly improper transfer of the InterOil shares from Chase to the Singapore account.

Civelli filed a similar lawsuit against Mulacek in Singapore five months before he filed the lawsuit now pending before this Court. In Singapore, Civelli seeks to recover the value of the InterOil shares. *See* July 2017 Statement of Claim, Exh. 7 to Motion to Dismiss, ECF p. 8; December 2017 Statement of Claim, Exh. 6 to Motion to Dismiss, ECF p. 11. The Chase Defendants are not parties to the Singapore litigation. Civelli continues to prosecute both lawsuits. *See* Motion to Dismiss, p. 5.

The Mulacek Defendants have filed their Motion to Dismiss for *Forum Non Conveniens*, in which they seek dismissal of this lawsuit in favor of the litigation pending in Singapore. The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II. APPLICABLE LEGAL PRINCIPLES

A federal court is authorized to dismiss a case on *forum non conveniens* grounds when there exists an alternative forum that has jurisdiction over the case, and when either trial in the plaintiff's chosen forum would be oppressive and vexatious to a defendant to an extent disproportionate to the plaintiff's convenience (private interest factors), or the chosen forum is inappropriate because of the court's administrative considerations (public interest factors). *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007). "The *forum non conveniens* determination is committed to the sound discretion of the trial court." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).

"To obtain dismissal on the basis of *forum non conveniens*, the defendant must show '(1) the existence of an available and adequate alternative forum and (2) that the balance of relevant private and public interest factors favor dismissal.'" *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 696 (5th Cir. 2015) (quoting *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003)).

The first requirement for a *forum non conveniens* dismissal is that there exists an alternative forum that is both available and adequate. *See, e.g., Saqui v. Pride Cent. Am., Inc.*, 595 F.3d 206, 211 (5th Cir. 2010). "An alternative forum is available if the entire case and all parties can come within the jurisdiction of that forum."

*Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 379 (5th Cir. 2002); *Cotemar S.A. De C.V. v. Hornbeck Offshore Servs., L.L.C.*, 569 F. App'x 187, 190 (5th Cir. 2014). "*If* the district court decides that an alternative forum is both available and adequate, it *next* must weigh various private interest factors." *Gonzalez*, 301 F.3d at 380 (emphasis added). If the private interest factors weigh against dismissal, the district court then "must weigh numerous public interest factors. If these factors weigh in the moving party's favor, the district court may dismiss the case." *Id.*

### III. <u>ANALYSIS</u>

In this case, it is uncontroverted that J.P. Morgan Securities, LLC ("JPMS"), one of the Chase Defendants, is not amenable to the jurisdiction of the Singapore court. It is similarly undisputed that JPMS does not consent to jurisdiction in Singapore. As a result, Singapore is not an available forum for this dispute. *See Gonzalez*, 301 F.3d at 379.

The Mulacek Defendants assert that the Court "divided" this litigation into two phases, with the Chase Defendants' liability to be decided in the first phase. *See* Reply, p. 2. As the Court previously explained, however, the case has ***not*** been severed "into two separate and independent lawsuits with the claims against the Mulacek Defendants stayed or otherwise delayed until such time as the claims against [the Chase Defendants] are decided on summary judgment or at trial." *See*

Memorandum and Order [Doc. # 84], entered October 31, 2018, pp. 3-4. Mulacek's position that the case has been formally "phased" is not supported by the record. The discussions at the July 26, 2018 conference regarding phasing – discussions on which the Mulacek Defendants rely – were based primarily on Mulacek's indication that he intended to file a motion to compel arbitration. *See* Transcript [Doc. # 83-1], pp. 28, 31-32, 43. To the extent necessary, the Court again clarifies that there is no "phasing" beyond the different schedules that resulted from difficulties Civelli encountered in obtaining service of process on Mulacek. Claims against the Mulacek Defendants are pending together with the claims against the Chase Defendants, and all pending defendants must be considered in the *forum non conveniens* analysis.

The Mulacek Defendants argue also that the claims against the Chase Defendants are "window dressing" and should be dismissed. *See* Reply, p. 4. The Chase Defendants previously filed a Motion to Dismiss, and their Motion to Dismiss was denied. *See* Memorandum and Order [Doc. # 32], entered June 26, 2018. As a result, the Chase Defendants remain active defendants in this case and and must be considered in the *forum non conveniens* analysis.

The claims against the Chase Defendants remain pending in this lawsuit. Because one of the Chase Defendants is not subject to the jurisdiction of the courts in

Singapore, that forum is not an available alternative for purposes of the *forum non conveniens* analysis.

## IV. **CONCLUSION AND ORDER**

The Mulacek Defendants have failed to demonstrate that Singapore is an available forum for this lawsuit that includes JPMS as a defendant. As a result, it is hereby

**ORDERED** that the Mulacek Defendants' Motion to Dismiss for *Forum Non Conveniens* [Doc. # 86] is **DENIED**.

SIGNED at Houston, Texas, this **4th** day of **January, 2019**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE