UNITED STATES DISTRICT COURT　　　SOUTHERN DISTRICT OF TEXAS

Carlo Giuseppe Civelli, et al., §
　§
　　Plaintiffs, §
　§
versus §　　Civil Action H-17-3739
　§
J.P. Morgan Chase Securities, LLC, et al., §
　§
　　Defendants. §

## Opinion on Fees

1. *Background.*

On December 11, 2017, Carlo Civelli and Aster Capital (Panama), S.A., sued JP Morgan Securities, LLC, and JP Morgan Chase Bank, N.A., for: (a) negligence, (b) breach of fiduciary duty, and (c) conspiracy to commit theft.

On April 29, 2021, this court held that the negligence and conspiracy claims were barred by the statue of limitations and that the breach of fiduciary duty claim failed. The court entered a partial judgment disposing of all claims against the JP Morgan defendants.

On May 18, 2021, the court entered a partial final judgment in favor of the JP Morgan defendants under federal rule 54(b).

On June 1, 2021, the JP Morgan defendants moved for attorneys' fees and costs.

2. *Timeliness.*

Civelli argues that the JP Morgan defendants' motion is untimely as they failed to plead their entitlement to them in their answer, and the deadline to amend pleadings has expired.

In a diversity action, federal courts apply federal procedural law and state substantive law. Pleading standards are procedural so are governed by federal law.[1]

Under federal rule 54, the court may grant any entitled relief to a party, "even if the party has not demanded that relief in its pleadings." The sole temporal requirement for a motion for attorneys' fees under federal law is that it be made within 14 days of the final judgment. This has clearly been met here. The JP Morgan defendants' motion for attorneys' fees has been pleaded timely.

3.  *Texas Theft Liability Act.*

Whether the JP Morgan defendants are entitled to attorneys' fees is a substantive issue that is governed by state law.[2] The JP Morgan defendants have pleaded that they are entitled to attorneys' fees under the Texas Theft Liability Act.

Under the Act, to be entitled to its "reasonable and necessary attorneys' fees," the JP Morgan defendants must have: (a) been the prevailing party (b) under the Act.[3]

   A.  *Prevailing Party.*

A defendant is a prevailing party when the "plaintiff loses with prejudice, whether on the merits or for some other reason."[4] It is irrelevant whether the

---

[1] *Playboy Enters., Inc. v. Sanchez-Campuzano*, 561 Fed. Appx. 306, 309 (5th Cir. 2013).

[2] *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

[3] Texas Civ. Prac. & Rem. Code § 134.005(b).

[4] *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 148 (Tex. 2019).

claims were fully litigated in a trial, and the defendant need not prove that it did not commit the theft — succeeding on an affirmative defense is sufficient.[5]

The JP Morgan defendants successfully defended against the conspiracy to commit theft claim on summary judgment based on the statute of limitations having expired. This is clearly on the merits as a claim being barred by limitations is with prejudice. The JP Morgan defendants are prevailing parties.

B. *Applicability.*

The court is faced with what appears to be a novel issue where the prevailing defendants — who have moved for attorneys' fees — were sued for conspiracy to commit theft but were not one of the defendants sued for theft under the Act.

The Act allows for the court to award fees in "suits under" it. The lawsuit here is partially under the Act as Civelli has sued the non-JP Morgan defendants for theft. The JP Morgan defendants were sued for conspiracy to commit theft.

To be found liable for conspiracy, Civelli would have had to show that the JP Morgan defendants were liable for theft under the Act — as conspiracy is derivative. If the intent was to be limited to just theft claims, the language would have said "claims under" the Act. Interpreting otherwise would circumvent the words used. Because the JP Morgan defendants did have to defend against a "suit under" the Act, the conspiracy to commit theft claim falls under the Act.

The JP Morgan defendants will be entitled to their "reasonable and necessary" attorneys' fees.

---

[5] *See Arrow Marble, LLC v. Estate of Killian*, 441 S.W.3d 702, 707 (Tex. App.—Houston [1st Dist.] 2014).

4. *Costs.*

Under federal rule 54, the JP Morgan defendants also may recover some of the costs associated with their defense. As the prevailing party, they will be entitled to reimbursement for their recoverable costs, as listed in 28 U.S.C. § 1920, including filing fees, printing costs, and deposition-related expenses.

5. *Conclusion.*

Carlo Civelli and Aster Capital (Panama), S.A., will owe JP Morgan Securities, LLC, and JP Morgan Chase Bank, N.A., their reasonable attorneys' fees related to the conspiracy to commit theft claim and costs.

Signed on July 9, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge