United States District Court
Southern District of Texas
**ENTERED**
February 02, 2023
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

Carlo Giuseppe Civelli, *et al.*, §
§
Plaintiffs, §
§
*versus* § Civil Action H-17-3739
§
J.P. Morgan Chase Securities, LLC, *et al.*, §
§
Defendants. §

## Order on Motion to Compel, Motion for Leave

The Mulacek Defendants have filed an emergency motion to compel compliance with the Court's computer forensic protocol. In opposing this motion, the Civelli Plaintiffs have requested leave to file a sur-reply to the Mulacek Defendants' reply.

1. *Leave to File Sur-Reply*

While the Federal Rules of Civil Procedure and this Court's Local Rules do not expressly prohibit sur-replies, they are heavily disfavored.[1] Whether to allow a sur-reply is within the discretion of the district court, and is appropriate "only when the movant raises new legal theories or attempts to present new evidence at the reply stage."[2] Leave is to be denied where the proposed sur-reply merely restates arguments in the movant's response and appears to be only a

---

[1] *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014) (per curiam) (quoting *Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011)).

[2] *Makhlouf v. Tailored Brands, Inc.*, 2017 WL 10922311, at *5 (S.D. Tex. Mar. 23, 2017) (collecting authority).

"strategic effort . . . to have the last word on the matter."[3]

The Mulacek Defendants' reply did not raise new legal contentions. It was a continuation of the parties' dispute over the scope of the forensic protocol and addressed the arguments made in the Civelli Plaintiffs' response. In consideration of the present dispute, even if the reply raised some consideration that was not in the response, it cannot be said to fall outside the scope of the legal arguments at issue in the response. The sur-reply is denied.

2. *Forensic Protocol*

The parties dispute whether the results of the forensic process, namely the results of a search of the unallocated space, would be delivered to both parties. While the Civelli Plaintiffs argue that nothing requires a review for privilege before they obtain access to the results, such an interpretation would contravene the text and purpose of the protocol.

The Civelli Plaintiffs have offered unconvincing support for their proposition that the parties agreed to give them information that may be privileged, before any review by the Mulacek Defendants. While perhaps the Mulacek Defendants may have been mistaken in having believed that the January Code Production would be undecipherable, such mistake is no reason to contravene the letter and spirit of the protocol, which explicitly affords relevant search results first to the Mulacek Defendants for a review of privilege.[4] The Civelli Plaintiffs would have the Court accept that the Mulacek Defendants knowingly consented to blanket access, even to privileged information. This argument is ambitious but without support, and is denied. The Civelli Plaintiffs must delete the January Code Production and permit the Mulacek Defendants to first conduct a proper review of the data.

3. *Adequacy of the Privilege Assertion*

The Federal Rules instruct that when a party withholds otherwise

---

[3] *Weems*, 2011 WL 2731263, at *1.

[4] *See* [Doc. 625-1].

discoverable information on the basis of privilege, the party must expressly make the claim and describe the nature of the discovery in a manner that will enable other parties to assess the claim, including the basis for it.[5]

As the Mulacek Defendants have pointed out, they informed the Civelli Plaintiffs that the privileged communication is one "between counsel and our clients that is providing legal advice."[6] This description, however, is too generic. Moving forward, after conducting a confidentiality review, the Mulacek Defendants may withhold confidential information but must sufficiently describe the nature of that information. At that time, the Civelli Plaintiffs, if still unsatisfied with the assertion of privilege, "may promptly present the information to the court under seal for a determination of the claim."[7]

4.   *Data Carving vs. Underlying Data*

In rejecting the Civelli Plaintiffs' sur-reply, the Court will clarify and resolve a contention in the sur-reply, to which the Mulacek Defendants responded, because its resolution is necessary in this discovery dispute. The dispute concerns whether the Civelli Plaintiffs, privilege aside, may review the code from the allocated space on the basis that data carving is insufficient; they claim that they must examine the data itself, since data carving may not necessarily show a fragment of a different version or draft of the Letter of Wishes.

The Mulacek Defendants oppose this search on the basis that the protocol is limited to "reasonably accessible documents" and does not allow for the fragments of text in computer code. They also argue that review of the code "would add hundreds – if not thousands – of hours to the Letter of Wishes

---

[5] Fed. R. Civ. P. 26(b)(5).

[6] [Doc. 750-3] at 4.

[7] Fed. R. Civ. P. 26(b)(5)(B).

discovery," and would confuse a jury.[8]

Without getting into whether the fragments are "reasonably accessible," the Court agrees that a raw review of the data itself would impose a disproportionate amount of discovery. The Civelli Plaintiffs accuse the Civelli Defendants of nefarious play, an allegation that is thus far wholly unsubstantiated. The Mulacek Defendants and the Court have indulged what may well be a wild goose chase, and the data carving affords the Civelli Plaintiffs ample opportunity to discover foul play. To drastically expand discovery on this issue and prolong what has already been an extremely lengthy litigation, at great cost to the parties, on the grounds that a review of the code itself might possibly uncover something that the data carving missed, is too much. In considering the Rule 26(b)(1) factors, the Court concludes that the Letter of Wishes discovery does not extend to the review of the computer code itself.

5. Conclusion

In sum, the Mulacek Defendants' motion to compel is granted, and the Civelli Plaintiffs' request for leave to file a sur-reply is denied. The Civelli Plaintiffs must delete the January Code Production and permit the Mulacek Defendants to first conduct a proper review of the data, at which time the Mulacek Defendants must adequately describe the nature of any privilege assertions so that the Civelli plaintiffs can assess the claim. The review of the discovery at issue extends only to the carved documents, and not to the computer code itself. (750) (760)

Signed on February 2, 2023, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[8] [Doc. 762] at 3–4.

