Case 4:17-cv-03739   Document 966   Filed on 03/31/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 31, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARLO GIUSEPPE CIVELLI and ASTER CAPITAL S. A. (LTD) PANAMA, <br><br> Plaintiffs, <br><br> v. <br><br> PHILLIP EMANUEL MULACEK, JOHN DOE 1, JOHN DOE 2, MICHELLE MULACEK VINSON, PIERRE MULACEK, MAURICETTE MULACEK, and RONALD MULACEK, <br><br> Defendants. | § § § § § § § § § § § § § § § §   Civil Action No. 4:17-CV-03739 |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the February 27, 2025, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Peter Bray. (Dkt. No. 954). Judge Bray made findings and conclusions and recommended that Defendant the Mulaceks' Memorandum of Law in Support of Their Motion for Summary Judgment, (Dkt. No. 912), be granted in part and denied in part; Plaintiffs' Motion for Summary Judgment, (Dkt. No. 914), be granted in part and denied in part; Plaintiffs' Motion to Dismiss and for Attorneys' Fees and Costs Due to Fraud on Court, (Dkt. No. 915), be denied without prejudice; and Plaintiffs Carlo Civelli and Aster Capital S.A. (Ltd) Panama's Motion to Exclude the Opinions of Defendants' Expert Karyl Van Tassel, (Dkt. No. 916), be denied.

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On March 17, 2025, Plaintiffs filed several objections to Judge Bray's M&R. (Dkt. No. 957). First, Plaintiffs object to Judge Bray's conclusion that their conversion and theft claims were time barred. (*Id.* at 6–10). Second, Plaintiffs object that a fiduciary relationship *did* exist between Plaintiff Carlo Civelli and Phillip Mulacek. (*Id.* at 11–15). Third, Plaintiffs object to Judge Bray's conclusion on the ownership-issue request relating to a $60 million loan in 2006. (*Id.* at 15–18). Fourth, Plaintiffs object to Judge Bray's standing analysis and his denial of the motion to dismiss and the motion to exclude. (*Id.* at 18–19). Finally, Plaintiffs assert they have the right to appeal alternative theories that were not the basis for relief. (*Id.* at 19–20). On March 24, 2025, Defendants responded to Plaintiffs' objections. (Dkt. No. 962).

In addition, on March 17, 2025, Defendants filed objections to Judge Bray's M&R. (Dkt. Nos. 959–60). First, Defendants object to the M&R's dismissal of their breach-of-contract claims based on the lack of an enforceable contract. (Dkt. No. 959 at 7, 11–16). Second, Defendants object to Judge Bray's finding that Civelli owed no fiduciary duties. (*Id.* at 7, 16–19). Third, Defendants object to Judge Bray's dismissal of the Defendants' conversion claim because he allegedly disregarded certain evidence or expert reports they provided. (*Id.* at 7, 20–21). Fourth, Defendants object to Judge Bray's conclusion that the Mulaceks lack standing to pursue claims involving certain assets allegedly transferred to Civelli, and they object to Judge Bray's treatment of some sworn testimony as "conclusory." (*Id.* at 8, 21–23). Fifth, Defendants object to Judge Bray's conclusion that Plaintiffs' breach-of-contract claim should not be dismissed because, according to

Defendants, that claim is untimely. (Dkt. No. 956 at 8–12). Sixth, Defendants object that the statute of fraud bars Plaintiffs' oral-contract claims for 20% of the net profits derived from certain investments. (*Id.* at 12–19). Seventh, Defendants object that the M&R improperly shifts the Plaintiffs' burdens on the timeliness of the alleged oral loans and cost-sharing agreements to the Defendants. (*Id.* at 20–21). On March 24, 2025, Plaintiffs responded to Defendants' objections. (Dkt. No. 961).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1) Magistrate Judge Peter Bray's M&R, (Dkt. No. 954), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court;

(2) Defendant the Mulaceks' Memorandum of Law in Support of Their Motion for Summary Judgment, (Dkt. No. 912), be **GRANTED in part** and **DENIED in part**;

(3) Plaintiffs' Motion for Summary Judgment, (Dkt. No. 914), be **GRANTED in part** and **DENIED in part**;

(4) Plaintiffs' Motion to Dismiss and for Attorneys' Fees and Costs Due to Fraud on Court, (Dkt. No. 915), be **DENIED WITHOUT PREJUDICE**; and

(5)     Plaintiffs Carlo Civellie and Aster Capital S.A. (Ltd) Panama's Motion to Exclude the Opinions of Defendants' Expert Karyl Van Tassel, (Dkt. No. 916), be **DENIED**.

It is SO ORDERED.

Signed on March 31, 2025.

                                               */s/ Drew B. Tipton*
                                               **DREW B. TIPTON**
                                        **UNITED STATES DISTRICT JUDGE**