United States District Court
Southern District of Texas

**ENTERED**

August 20, 2025

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

CARLO GIUSEPPE CIVELLI and § 
ASTER CAPITAL S.A. § 
(LTD.) PANAMA, § 
 § 
    Plaintiffs, § 
 § 
v. §     Civil Action No. 4:17-CV-03739
 § 
PHILLIP EMANUEL MULACEK, § 
JOHN DOE 1, JOHNE DOE 2, § 
MICHELLE MULACEK VINSON, § 
PIERRE MULACEK, MAURICETTE § 
MULACEK, and RONALD MULACEK, § 
 § 
    Defendants. § 

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the March 28, 2025, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Peter Bray. (Dkt. No. 965). Judge Bray made findings and conclusions and recommended that Defendants' Motion for Reconsideration of the February 27, 2025, Memorandum and Recommendation, (Dkt. No. 958), be denied, (Dkt. No. 965 at 1, 7).

The Parties received proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On April 11, 2025, Defendants filed seven objections. (Dkt. No. 971). First, they argue that the M&R applied the wrong legal standard to their Reconsideration Motion. (*Id.* at 5–6). Second, they contend that the M&R erred in concluding that their breach-of-fiduciary-duty claim is waived. (*Id.* at 6–8). Third, they argue that the M&R erroneously found insufficient support for their

conversion claim. (*Id.* at 8–9). Fourth, they challenge the M&R's recommendation to dismiss their breach-of-contract claim. (*Id.* at 9–10). Fifth, they argue that the M&R wrongly concluded that they lack standing to bring some of their counterclaims. (*Id.* at 11–12). Sixth, they assert that the M&R ignored Texas Supreme Court precedent showing that the Statute of Frauds bars Plaintiffs' 20%-net-profit-interest claim. (*Id.* at 12). Finally, they argue that the M&R disregarded their showing that Judge Bray applied the wrong legal standard to the timeliness of Plaintiffs' loan-share claim. (*Id.* at 12–13). Plaintiffs responded. (Dkt. No. 972). Defendants replied. (Dkt. No. 978).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After this review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1)    Magistrate Judge Bray's M&R, (Dkt. No. 965), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court; and

(2)    Defendants' Motion for Reconsideration of the February 27, 2025, Memorandum and Recommendation, (Dkt. No. 958), is **DENIED**.

It is SO ORDERED.

Signed on August 20, 2025.

DREW B. TIPTON
UNITED STATES DISTRICT JUDGE