UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLO GIUSEPPE CIVELLI, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:17-CV-03739 |
| PHILIPPE EMANUEL MULACEK, *et al.*, | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO CAP
SUPERSEDEAS BOND**

Plaintiff Carlo Giuseppe Civelli ("Carlo Civelli") and Plaintiff Aster Capital S.A. (Ltd) Panama ("Plaintiffs") file this response to the Motion to Cap Supersedeas Bond,[1] filed by Defendants, and respectfully show as follows:

**INTRODUCTION**

Defendants request that the Court cap the supersedeas bond at $25 million under Texas Civil Practice & Remedies Code Section 52.006(b)(2). They contend Texas law applies because the cap is substantive law or, even if procedural, it must be applied through Federal Rule of Civil Procedure 69(a), which governs execution of judgments.

Defendants' motion omits controlling authority establishing that state law applies only if the judgment is a lien on the debtor's property, and the Fifth Circuit has held that a Texas judgment is not a lien under Rule 62(f). Rule 69(a) governs execution of judgments, not the bonding of judgments. Under applicable federal law, this Court should require a

---

[1] Dkt. 1216.

bond in the full amount of the judgment, costs, interest, attorneys' fees, and damages for delay.

If state law applies, the Court should require each defendant to post a $25 million bond. Additionally, under state law or the Court's inherent power to enforce its judgment, this Court should enter an injunction preventing Defendants from dissipating or transferring assets to avoid satisfaction of the judgment. Defendants' creation of fabricated documents, placement of assets in nominee accounts, and lack of credibility warrant that relief.

Plaintiffs request the Court deny the motion and require a bond for the full amount of the judgment.

## THE LEGAL STANDARD

The Fifth Circuit has already held that Texas law does not govern the amount of a federal supersedeas bond.[2] In *MM Steel*, Defendant JSW sought a stay pending appeal and court approval of a bond capped at $25 million under Section 52.006 of the Texas Civil Practice & Remedies Code, the same statute Defendants invoke now. The question before the Court was whether "under Rule 62(f), Texas law limits the required amount of the

---

[2] *MM Steel LP v. JSW Steel*, 771 F.3d 301, 303 (5th Cir. 2014). Mulacek's counsel, Paul Yetter and Reagan Simpson, represented MM Steel in the Fifth Circuit. They successfully argued state law did not apply to federal supersedeas because Rule 62(f) allows judgment debtors to rely on state law only when a judgment is a lien under state law, and the Texas federal judgment was not a lien. They also opposed application of the Texas cap under Federal Rule 69(a), asserting it applied only to execution of judgments, not bonding. The Fifth Circuit held that Defendants waived the Rule 69(a) argument. MM Steel's brief is available at *MM Steel LP v. JSW Steel*, No. 14-20267, MM Steel LP's Response in Opposition, Dkt. 97 (5th Cir. June 30, 2014).

supersedeas bond to a maximum of $25 million"? The Court agreed with MM Steel and answered no.[3]

In reaching its conclusion, the Court stated:

> Rule 62 governs the stay of proceedings to enforce a judgment. "Rule 62(d)[4] establishes a general rule that losing parties in the district court can obtain a stay pending appeal only by giving a supersedeas bond." *Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 463–64 (5th Cir.1990). Rule 62(f) provides a separate ground for a stay: "*If a judgment is a lien* on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Under the prevailing view of Rule 62(f), a judgment is a lien if a judgment creditor is only required to perform mere "ministerial acts" to transform the judgment into a lien.
>
> Absent a stay under Rule 62, a prevailing party may seek to enforce a judgment pursuant to Rule 69.[5]

After reviewing conflicting district court decisions, the Court held that "a judgment in the state of Texas is not a lien within the purview of Rule 62(f)."[6] The Court denied JSW's motion to stay.

---

[3] *MM Steel LP*, 771 F.3d at 303. Plaintiffs searched for any other cases since *MM Steel* referencing Texas Civil Practice & Remedies Code Section 52.006. None decided if Section 52.006 applied in a diversity case. In *Thomas v. Hughes*, 27 F.4th 363, 368 (5th Cir. 2022), the court referenced Section 52.006 in deciding the trial court had not abused its discretion in granting an injunction against defendant enjoining the dissipation of assets. After stating the court had inherent power to enforce its judgments, the court recited Texas law to the same effect and Section 52.006 and Texas Rule of Appellate Procedure 22.4. Rule 22.4(d) says a trial court may grant an injunction to enjoin dissipation or transfer of assets. Section 52.006(e) makes clear that Section 52.006 does not affect that right, by saying nothing in Section 52.006 prevents a trial court from enjoining the judgment debtor from dissipating or transferring assets. *Thomas* did not appear to be presented with and did not address the question of whether Section 52.006 applied to a federal judgment bond.

[4] In 2018, Rule 62(b) replaced Rule 62(d). Rule 62(b) carries forward the supersedeas bond provisions of former Rule 62(d). Fed. R. Civ. P. 62(b) (committee notes on rules from the 2018 amendment); *see also* 11 CHARLES A. WRIGHT & ARTHUR R. MILLER, Fed. Prac. & Proc. Civ. § 2905 (3d ed. 2022) and *Traxcell Technologies, LLC v. AT&T Corp.*, 2023 WL 1971278, at *1 (E.D. Tex. Feb. 13, 2023).

[5] 771 F.3d at 302.

[6] *Id*. at 306.

No court has applied Texas law to limit the amount of a supersedeas bond since *MM Steel*.[7] Every court to consider the question has refused to apply state-law limitations. The only Southern District of Texas case is *Preston Wood & Associates, LLC v. Cameron Architects, Inc*.[8] There, defendants sought a reduced bond on a $28 million judgment, arguing that only a portion of the damages was subject to the bond under Texas law.[9] Relying upon *MM Steel*, the court held: (1) for purposes of bonding, Rule 62(f) governs, (2) Rule 62(f) applies state law only if the judgment is a lien on the debtor's property, and (3) a Texas judgment is not a lien within the purview of Rule 62(f).[10] Therefore, Judge Hittner held that "Texas supersedeas bond law does not apply in this case."[11] Other district courts within Texas have reached the same conclusion.[12]

---

[7] Defendants do not cite *MM Steel* or any of the four Texas cases after *MM Steel* that rejected Texas limitations on the amount of supersedeas bonds for federal judgments.

[8] 2019 WL 2904297 (S.D. Tex. Apr. 26, 2019).

[9] *Id*. at *2 n.6.

[10] *Id*.

[11] *Id*.

[12] *See Maiden Biosciences, Inc. v. Document Security Systems, Inc.*, 2023 WL 348997 (N.D. Tex. Jan. 19, 2023) (Fitzwater, J.) (rejecting application of Texas law to limit amount of bond because "a supersedeas bond is a matter of federal procedural rather than substantive law"; therefore, exemplary damages are included in the bond); *Natour v. Bank of America, N.A.*, 2024 WL 3507308 (E.D. Tex. July 18, 2024) (Mazzant, J.) (rejecting application of Texas law to limit amount of bond and applying court's local rule for amount of bond, because "the determination of supersedeas amount is a matter of federal, not state law."); *SPRAJ Properties LLC v. Regions Bank*, 2015 WL 13949649 (N.D. Tex. Sept. 22, 2015) (Fitzwater, J.) (the Federal Rules of Civil Procedure govern the Court's determination of the amount of a supersedeas bond—not Texas state law); and *E.E.O.C. v. Service Temps, Inc.*, 782 F. Supp. 2d 288, 289 (N.D. Tex. 2011) (Fitzwater, J.) (If a judgment is not a lien under Texas law, Rule 62(f) does not apply, and the court does not follow Texas law).

In *E.E.O.C.*, the court explained the framework of the rules:

> Rule 62(f) provides: "If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." The Rule makes clear that, before this court looks to Texas law governing stays of execution, it must first determine that Texas considers a judgment to be a lien on the judgment debtor's property. If a judgment is a lien under Texas law, the court must grant the same stay that a Texas court would give. If Texas law applies, Smith would only need to post security in the amount

4

## ARGUMENT

### A.  Defendants' Argument Ignores Rule 62(f)'s Plain Language.

Defendants argue that the Federal Rules should give them in the federal forum what they would receive in the state forum.[13] The Fifth Circuit rejected this argument in *Castillo v. Montelepre, Inc.*, 999 F.2d 931 (5th Cir. 1993):

> The obvious purpose behind this rule is to allow appealing judgment debtors to receive in the federal forum what they would otherwise receive in their state forum. *This purpose, however, is qualified by the requirement that the state forum treat judgments as a lien, or encumbrance, on the property of judgment debtors . . . .*[14]

Here, the judgment will not be a lien on Defendants' property. Therefore, state law does not govern the bond amount.

### B.  Rule 69(a) Does Not Make State Law Applicable to Supersedeas Bonds.

Defendants do not address Rule 62(f), which is controlling. Instead, they premise their argument on Rule 69(a)(1). They contend that under Rule 69(a)(1), courts apply "the procedure of the state where the court is located" to the "procedure on execution."[15] But the procedure on execution is not the same as the procedure on bonding.

Rule 69(a)(1) states:

---

of compensatory damages, interest for the estimated duration of the appeal, and costs. See Tex. Civ. Prac. & Rem. Code Ann. § 52.006(a) (West 2008) (requiring amount of security to equal sum of compensatory damages, interest, and costs, subject to certain caps in subsection (b) not shown to be applicable here). If a judgment is not a lien under Texas law, however, Rule 62(f) does not apply, and the court does not follow Texas law. And when Rule 62(f) does not apply, Rule 62(d) and N.D. Tex. Civ. R. 62.1 control. See Rule 62(d) ("If an appeal is taken, the appellant may obtain a stay by supersedeas bond, [except in circumstances not applicable here.]")."

[13] Dkt. 1216 at 5.

[14] 999 F.2d at 942 (emphasis added). Defendants do not cite *Castillo*, either.

[15] Dkt. 1216 at 2.

Rule 69. Execution

(a) In General.

(1) *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The *procedure* on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the *procedure* of the state where the court is located, but a federal statute governs to the extent it applies.[16]

"Rule 62 governs the necessity for bond. Rule 69, however, governs the *executions* of judgments."[17] Rule 62 is titled, "Stay of Proceedings to Enforce Judgment," while Rule 69 is titled, "Execution." These are different. Bonding prevents execution. Execution follows a failure to bond.

Defendants' Rule 69(a) argument would render Rule 62(f) a nullity. If Defendants were right (and they are not), Rule 69 would override Rule 62(f)'s express condition that state law applies only when a judgment is a lien under state law. The drafters of the Rules could not have intended that result.[18]

*Preston Wood & Associates v. Cameron Architects*[19] forecloses Defendants' position. There, defendants raised the same Rule 69(a)(1) argument, and the court held that "Texas supersedeas bond law is not applicable to this case."[20] Defendants have provided no case supporting their position.

---

[16] Fed. R. Civ. P. 69(a)(1) (emphasis added).

[17] *Natour v. Bank of America*, 2024 WL 3507308, at *5; *see also Lamon v. City of Shawnee, Kan.*, 758 F. Supp. 654, 656 (D. Kan. 1991) ("Rule 69(a) merely addresses the manner of execution of a judgment; it does not address whether the posting of a supersedeas bond pending an appeal is required.").

[18] In *MM Steel*, Defendant JSW argued Texas's $25 million cap applied through Rule 69(a)(1). MM Steel argued Rule 69(a) did not cap the bond amount. The Court held Defendants waived the argument and did not decide the issue. *MM Steel*, 771 F.3d at 303 n. 2.

[19] 2019 WL 2904297, at *2.

[20] *Id*.

6

### C. Defendants' *Erie* Argument Ignores the Controlling Precedent and Fails to Adequately Brief the Issue.

Defendants seek to apply Texas law in contravention of clear authority establishing that federal law governs the supersedeas bond amount.[21] Rather than engaging with the controlling cases, they make the conclusory assertion that federal courts sitting in diversity apply state substantive law and federal procedural law;[22] Texas's bond cap is substantive; so, it must be applied under *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).[23] But Defendants make no *Erie* analysis. They do not discuss whether applying Rule 62 affects the outcome of the litigation (it does not) or regulates procedure.[24] They do not argue Rule 62 is invalid. Courts "do not wade into *Erie's* murky waters unless the federal rule is inapplicable or invalid."[25]

---

[21] *See Legal Standard,* supra.

[22] Defendants rely on general principles stated in *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) and *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 108–09 (1945), but do not discuss the cases. Neither supports their arguments. In *Gasperini*, the court considered whether New York state law controlling compensation awards for excessiveness or inadequacy of damages can be given effect, without detriment to the Seventh Amendment, if the state law is applied by the federal trial judge. The Court held it did not have to choose between the two, because the principal state and federal interests could be accommodated. *Id*. at 437. *Guaranty Trust,* an early interpretation of *Erie*, propounded an "outcome-determination" test: "[D]oes it significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court?" 326 U.S., at 109. The court held a state statute of limitations applied in an equity proceeding in federal court. *Id.* Application of the Federal Rules to bonding federal judgments does not affect whether Defendants breached their contracts or the damages their breaches caused. The Rules are not outcome determinative; they regulate procedure.

[23] In *Maiden Biosciences, Inc. v. Document Security Systems, Inc.*, 2023 WL 348997, at *2 (N.D. Tex. Jan. 19, 2023), the court found the rule to be procedural.

[24] *Hanna v. Plumer*, 85 S. Ct. 1136, 1140–41 (1965) (a procedural rule is the judicial process for enforcing rights and duties recognized by substantive law and for justly administering a remedy for disregard or infraction of them).

[25] *Shady Grove Orthopedic Associates P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010).

Defendants' focus is misplaced. "[I]t is not the substantive or procedural nature or purpose of the affected state law that matters, but the substantive or procedural nature of the Federal Rule."[26] Defendants have not met their burden to show Texas law applies.[27]

Defendants alternatively argue that even if the Texas cap is procedural, it applies under Rule 69(a)(1)'s requirement that the *execution* must accord with the *procedure* of the state where the court is located.[28] Defendants provide no authority for this conclusion. As this response demonstrates, the authority is overwhelmingly to the contrary that state law does not apply to the bond.

### D. If the Court Applies Texas Law, Each Judgment Debtor Should Post a $25 Million Bond, and the Court Should Enter an Order Precluding Each Judgment Debtor from Dissipating Assets.

If the Court concludes Texas Civil Practice & Remedies Code Section 52.006 does not apply, the Court need not reach these issues. If the Court applies Texas law, the Court should (1) require each defendant to post a $25 million bond (or less if each defendant establishes net worth below $25 million) and (2) enter an order precluding defendants from dissipating assets.[29]

---

[26] *Id*. at 410.

[27] Defendants failed to adequately brief the issue. Therefore, this is an additional basis for denying relief.

[28] Dkt. 1216 at 1–2.

[29] Defendants assert, "Texas bond reform focused on a situation (like here) in which "a judgment so large that the cost of supersedeas, in the full amount of the judgment, would effectively inhibit" a party's "ability to appeal." *Id*. at 359 n.27." Dkt. 1216 at 3. Defendants do not seek a lower bond based on Section 52.006, which allows a trial court to the lower the bond if the judgment debtor shows he/she is likely to suffer substantial economic harm if required to post security. Nor do Defendants seek to be excused from or lessen the bond under federal law. *See, e.g.*, *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart,* 600 F.2d 1189 (5th Cir. 1989).

### 1. Each Defendant should post a separate $25 million bond.

Defendants assert Texas has an "absolute cap" equal to the lesser of $25 million or 50 percent of the judgment debtor's net worth.[30] Defendants "invoke" the $25 million cap and seek to post a single bond for that amount for all Defendants.[31] The issue is whether the statute imposes an aggregate cap for all judgment debtors or whether each judgment debtor must post a separate bond. If the Court applies state law, each Defendant should be required to post a $25 million bond.

The $25 million cap applies per debtor because:

A. Texas Civil Practice & Remedies Code sections 52.001 and 52.006(b) must be read together. Section 52.006 limits the bond *a judgment debtor* must post to the lesser of $25 million or 50% of *the judgment debtor's net worth*. Section 52.001 defines "security" as a bond posted *by a judgment debtor*. The plain language of these sections demonstrates a legislative intent that the $25 million limitation be applied per judgment debtor.[32] There are no references in section 52 to judgment debtors in the plural.

---

[30] Tex. Civ. Prac. & Rem. Code § 52.006(b).

[31] Dkt. 1216 at 2.

[32] *Greystar Development & Construction Co., L.P. v. Williams*, 716 S.W.3d 747 (Tex. App.—Dallas 2024, order [mand. pending]) (statutory "$25,000,000.00 cap applies per judgment debtor and not per judgment"); *John M. O'Quinn PC v. Wood*, 2009 WL 2367133, at *8 (Tex. App.—Tyler June 10, 2009, mand. filed, pet. dism'd) (statutory "$25,000,000.00 cap applies per judgment debtor and not per judgment"). The San Antonio Court of Appeals concluded the cap applies per judgment. *Huff Energy Fund L.P. v. Longview Energy Co.*, 2014 WL 661710 (Tex. App.—San Antonio, Feb. 12, 2014, mand. filed) (concluding the cap is applied per judgment because there is only one judgment and the singular includes the plural under Tex. Gov't Code §§ 311.012(b), 312.003(a). The Supreme Court decided not to address the issue because the judgment was not for compensatory damages and, therefore, did not require security. *In re Longview*, 464 S.W.3d 353, 361 (Tex. 2015).

B. When determining the maximum amount of security based on net worth, "the judgment debtor's net worth" must be calculated per judgment debtor, rather than collectively.[33] It makes no sense to require jointly liable judgment debtors each to provide security based on net worth, and allow an aggregate bond amount based solely on the $25 million cap.

## 2. If Texas law applies, the Court should implement additional protections by an injunction to prevent dissipation of assets.

Section 52.006 expressly authorizes additional protection:

(e) Nothing in this section prevents a trial court from enjoining the judgment debtor from dissipating or transferring assets to avoid satisfaction of the judgment, but the trial court may not make any order that interferes with the judgment debtor's use, transfer, conveyance, or dissipation of assets in the normal course of business.[34]

This clarifies that Section 52.006 does not affect the right to injunctive relief under Texas Rule of Appellate Procedure 22.4.[35]

Such relief would be appropriate here. Mulacek created the fabricated Letter of Wishes on which each Defendant relied. Mulacek placed assets in the accounts and names

---

[33] *Wood*, 2009 WL 2367133, at *8 (citing *Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2005, orig. proceeding) (holding that trial court abuses its discretion if it sets amount of security based on net worth without calculating net worth for each jointly and severally liable judgment debtor)); *see also In re Smith*, 192 S.W.3d 564, 568 (Tex. 2006) (trial court erred when it failed to state with particularity the factual basis for its findings as to each debtor's net worth); *G.M. Houser, Inc. v. Rodgers,* 204 S.W.3d 836, 840 (Tex. App.—Dallas 2006, no pet.) ("In setting the amount of supersedeas security pending appeal, the trial court is required to consider the separate financial condition of each judgment debtor.").

[34] Tex. Civ. Prac. & Rem. Code § 52.006(e).

[35] The Court need not rely on state law. The Court may issue an injunction under its inherent powers. *Thomas v. Hughes*, 27 F.4th 363, 368 (5th Cir. 2022) (It is axiomatic that federal courts possess inherent power to enforce their judgments) (citing *Peacock v. Thomas*, 516 U.S. 349, 356 (1996)); *see also Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 577 (5th Cir. 2005) ("District courts can enter injunctions as a means to enforce prior judgments.").

of other family members. For example, he placed Aster Capital S.A. Panama's InterOil shares into the bank account of Aster Capital Inc., the Brunei company, and put his cousin, Gerard Jacquin, and brother-in-law, Christian Vinson as account holders. He tried to cover it up in deposition and trial by saying he had no involvement with Aster Brunei, but Christian Vinson and his son, Marc Vinson, testified Mulacek controlled Aster Brunei. Mulacek said he had nothing to do with the Luxembourg accounts where InterOil stock and cash were held and sent to Puzemi and Aton Select Fund, but the bank records obtained over his objections showed he was on accounts in Luxembourg. Mulacek put his brother, Pierre Mulacek, as settlor of the Vinson Trust in the Bahamas. Before the court compelled Mulacek to produce his tax returns, Mulacek asserted he sent assets to Civelli and the Aton Select Fund for investment, and he put this in the Letter of Wishes. He then pivoted to say he did not send assets; it was only the family. He lacks any credibility. This, combined with his former hiding of assets, warrants an injunction.

Civelli faces irreparable harm if Defendants post bonds that do not secure the full judgment and remain free to dissipate or conceal their assets. Granting the injunctive relief permitted by statute or the Court's inherent powers is appropriate under the circumstances.

## CONCLUSION

Texas's $25 million cap does not apply to the supersedeas bond. Plaintiffs respectfully request the Court deny Defendants' motion.

11

Respectfully submitted,

/s/ *Richard A. Schwartz*
Richard A. Schwartz
Texas Bar No. 17869450
Federal ID No. 5344
Michael A. Harvey
Texas Bar No. 24058352
Federal Bar No. 917759
MUNSCH HARDT KOPF & HARR, PC
700 Milam Street, Suite 800
Houston, Texas 77002
Telephone: (713) 222-4076
Facsimile: (713) 222-5869
dschwartz@munsch.com
mharvey@munsch.com

Michael B. Martin
State Bar No. 13094400
Federal ID No: 8824
Martin Walton Law Firm
699 S. Friendswood Dr., Ste. 106
Houston, Texas 77546-4580
(713) 773-2035
(832) 559-0878 (fax)
mmartin@martinwaltonlaw.com

Andrew B. Bender
Texas Bar No. 24084290
Federal Bar No. 2319228
Sharon McCally
Texas Bar No. 13356100
Federal Bar No. 324660
ANDREWS MYERS P.C.
1885 Saint James Place, 15th Floor
Houston, Texas 77056
713.850.4200
smccally@andrewsmyers.com
abender@andrewsmyers.com

**Counsel for Plaintiffs**

12

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was electronically filed with the Clerk of the Court on March 23, 2026, using CM/ECF, and served on all counsel of record.

*/s/Richard A. Schwartz*