# Yetter Coleman LLP

March 25, 2026

*Via CM/ECF*

The Hon. Randy Crane
United States Chief District Judge
U.S. District Court Southern District of Texas
1701 W. Business Hwy 83, 9th Floor
McAllen, Texas 78501

      Re:    *Civelli, et al. v. Mulacek, et al.,* No. 4:17-cv-03739

Dear Chief Judge Crane:

We write to address the Court's question of whether defendants will be presenting evidence regarding their ability to bond a judgment at the March 26, 2026 hearing on pending motions.[1]

The Mulaceks will not be presenting evidence because the pending motions do not require it. First, Plaintiffs' Motion for Entry of Judgment (Dkt. 1212) and the Mulaceks' Opposition (Dkt. 1214) present legal issues for the Court to rule on for the final judgment, including applying the $50 million credit and reducing the damages on the cost-sharing claim by $21.8 million in time-barred costs. These legal issues are based on the record and do not require additional evidence.

Second, the Mulaceks' Motion to Cap Supersedeas Bond (Dkt. 1216) involves a pure question of law. It asks the Court to apply the Texas state $25 million cap on supersedeas bonds based on its diversity jurisdiction under *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938) and its progeny. The Mulaceks assert that the $25 million cap applies whether the Court considers the issue to be substantive or procedural. No evidence is necessary to answer this legal question.

If the cap is not applied, it is possible that the Mulaceks will not be able to bond a judgment in this case depending on its size. Independent of the state $25 million cap, the Court has discretion to lower the amount of a bond needed to stay enforcement if the judgment debtor "objectively demonstrates" justification for a downward adjustment. *See, e.g.*, *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). Whether the Mulaceks will ask the Court to use that discretion will depend on the amount of the final judgment.

We appreciate the Court's continued careful consideration of these important issues and look forward to discussing them further tomorrow.

---

[1] Separately, the Mulacek family's assignment of their claims and defenses against Carlo Civelli to Phil Mulacek was filed as part of the summary judgment record. *See* Dkt. 938-3 (Ex. 159).

Yetter Coleman LLP

The Hon. Randy Crane                    - 2 -                    March 25, 2026

Respectfully submitted,

R. Paul Yetter
Counsel for Defendants

cc: Richard A. Schwartz (via ECF)