# Yetter Coleman LLP

March 25, 2026

*Via CM/ECF*

The Hon. Randy Crane
United States Chief District Judge
U.S. District Court Southern District of Texas
1701 W. Business Hwy 83, 9th Floor
McAllen, Texas 78501

      Re:    *Civelli, et al. v. Mulacek, et al.,* No. 4:17-cv-03739

Dear Chief Judge Crane:

I write to follow up on my letter from earlier today regarding the March 26, 2026 hearing and whether defendants will present evidence on their ability to bond a judgment.

The Mulaceks understood the hearing tomorrow to be about legal questions regarding the entry of judgment that do not require evidence beyond the record. On the bond issue, we understood that the Court may consider whether a $25 million cap should apply to the bond—which is also a legal issue on which evidence is not required.

Whether the Mulaceks will eventually move to reduce or waive the bond will depend on the amount of the judgment. That question is separate from whether a $25 million cap should apply, which can be decided before judgment is entered. If, in the judgment, the Court applies the $50 million offset and reduces Plaintiffs' cost-sharing damages by the $21.8 million that the jury answered in response to Question No. 11, the Mulaceks will likely not move to reduce the bond. If, however, the Court does not do so and instead enters a judgment at or above $200 million—and rules that the $25 million cap does not apply—the Mulaceks may move the Court to exercise its discretion to lower the bond. In that scenario, the Mulaceks will support the motion with evidence—including through evidence at a hearing, if necessary—to "objectively demonstrate" to the Court that it should exercise its discretion to reduce the bond. We will know whether this option is needed only after the Court enters final judgment.

      Respectfully submitted,

R. Paul Yetter
Counsel for Defendants

cc: Richard A. Schwartz (via ECF)