IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLO GIUSEPPE CIVELLI and ASTER CAPITAL S. A. (LTD) PANAMA, | § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | Case No. 4:17-cv-03739 |
| PHILLIPE EMANUEL MULACEK, MICHELLE MULACEK VINSON, PIERRE MULACEK, MAURICETTE MULACEK | § § § § § § | |
| *Defendants*. | § § | |

## PLAINTIFFS' MOTION TO SHORTEN TIME TO RESPOND TO POST-JUDGMENT REQUESTS FOR PRODUCTION

Plaintiffs request the Court grant this motion to shorten time for Defendants to respond to post-judgment requests for production.

### Nature of Dispute

Plaintiffs and Defendants cannot agree upon producing documents to Plaintiffs before the evidentiary bond hearing set for April 22, 2026. On March 31, 2026, Plaintiffs served targeted requests for production, which seek documents about the assets and liabilities of Defendants, and ask Defendants to agree to respond within 15 days. Defendants do not agree.

### Issue

Whether Defendants should provide financial documents by April 15, 2026, the date they are to file any motion to reduce or excuse them from posting a supersedeas bond.

### Relief sought

Plaintiffs seek an order shortening time for response so relevant documents may be obtained and analyzed before the April 22, 2026, hearing.

4931-2136-9501v.1

**Legal Standard**

The Federal Rules provide a party must respond to a request for production within 30 days of being served or a shorter (or longer) time as ordered by the Court. Fed. R. Civ. P. 34(b)(2)(A). The Court has broad discretion subject to review for abuse of discretion. *Swanner v. United States*, 406 F. 2d 716, 719 (5th Cir. 1969). The Rule does not state a standard for granting a request to shorten time. Good cause appears to be the majority approach. *See St. Louis Inc. v. Additives Corp. Inc.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011) (denying expedited depositions before Rule 26(f) conference). In a "good cause" analysis, a court must examine the discovery request on the entirety of the record and the reasonableness of the request in light of all the surrounding circumstances. *Id.* (citing *Ayyash v. Bank Al–Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005) (allowing expedited discovery on third parties to locate assets in the United States relating to foreign defendants who had the incentive to hide those assets).

Good cause exists to grant this motion. (1) The documents go to the heart of the issues at the bond hearing, (2) Defendants will not be prejudiced, (3) Plaintiffs will be prejudiced if the documents are not produced, and (4) Plaintiffs' request is timely.

**Argument**

**A.    The documents go to the heart of the issues at the bond hearing.**

The Fifth Circuit has identified two situations in which a district court can dispense with Rule 62(b)'s requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment:

> (1) If the judgment debtors objectively demonstrate a present financial ability to facilely respond to a money judgment and present to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond; or

(2) if the judgment debtors' present financial condition is such that the posting of a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor.

*J.A. Masters Investments v. Beltramini*, No. CV H-20-4367, 2024 WL 3873146, at *1 (S.D. Tex. July 19, 2024) (citing *Poplar Grove Planning & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979)).

The burden is on the moving party to "objectively demonstrate" that one of these circumstances exists. *Id*. This burden is not satisfied by a movant's "mere representations" that it either has or does not have the financial ability to pay the judgment or post a bond; instead, the movant must present evidence of its financial condition and explain how waiving the bond would protect the interests of the judgment creditor. *Id.*

Conclusory and self-serving evidence produced by the judgment debtor is insufficient to satisfy the judgment debtor's burden. *Preston Wood & Associates, LLC v. Cameron Architects, Inc.*, No. CV H-16-1427, 2019 WL 2904297 (S.D. Tex. Apr. 26, 2019) (finding defendant failed to meet burden to objectively show circumstances warranting departure from bond requirement, where defendant provided no independent financial documents to support profit and loss statements, balance sheets, and summary of assets and liabilities); *J.A. Masters Investments v. Beltramini*, No. CV H-20-4367, 2024 WL 3855676 (S.D. Tex. Aug. 15, 2024) (denying motion for relief from bond for five reasons, including failure to provide documents to support assertions) (relying upon Ebery v. Appel, 2018 WL 10335464, at *2 (N.D. Tex. 2018) (observing that "irrefutable proof—in the form of audited financial statements, tax receipts, appraised value of real estate or other holdings, etc." is required to demonstrate financial ability)).

3

Plaintiffs' request is limited to ten requests that bear directly on any relief Defendants may seek related to the bond. Plaintiffs' requests for production, Exhibit 1, seek:

RFP (1) - documents submitted to third parties to obtain a bond;

RFP (2) - Defendants' complete financial statements;

RFP (3) - documents Defendants will rely upon at the April 22 hearing;

RFP (4) - Defendants' disclosures to financial institutions from January 1, 2025, to date;

RFP (5) documents showing other persons or entities are holding assets for Defendants (the court will recall evidence at trial that Christian Vinson and Gerard Jacquin held assets in their accounts for Defendants);

RFP (6), (7) and (10) - documents showing U.S. holdings in Empire Petroleum (RFP 6), Blacksands Petroleum (RFP 7), and Mineral Resources Companies (RFP 10), known entities in the U.S. in which Mulacek has an interest;

RFP (8) - documents showing holdings by Asia Pacific Investment (a family office where Mulacek's private banker at Bank of Singapore works) for Defendants; and

RFP (9) - documents showing vintage vehicles owned by Defendants (See Family Affair: Vintage Racing Is In Phil Mulacek's Blood - Petrolicious and Huge Mustang Collection Is A Texas Family's Pride And Joy).

All of these documents likely have been submitted to Defendants' bond expert, Eamonn Long. Mr. Long is assisting Mulacek in purchasing a surety bond. In his Declaration, he describes 8 steps in obtaining a bond. The second step is providing detailed financial statements of assets, which must include information on all personal assets and liabilities and demonstrate the principal's equity. ECF 1220-1 at ¶ 13.

> Assets that must be documented include all real estate holdings, cash and investments in banks and brokerages, equity in companies, and other tangible assets, such as automobiles and precious metals. If the individual's assets include equity in companies, then the balance sheet, income statement, statement of cash flows and statement of retained earnings of the company must be provided.

*Id.* The fifth step is a formal submission to the surety company. *Id.* at ¶ 16.

**B.        Defendants will not be prejudiced**

These requests for production are proportional to the needs of the hearing, should be readily available, and are not unduly burdensome to provide. The requests seek documents on the same date that Defendants' motion on the bond is due: April 15, 2026. As the Court said at the hearing on entry of judgment, Defendants' counsel must perform due diligence and have a good faith basis to file the motion. This diligence and good faith should include consideration of the requested documents.

**C.        Plaintiffs will be prejudiced**

Relief from a bond is extraordinary. Rule 62 "establishes a general rule that losing parties in the district court can obtain a stay pending appeal only by giving a supersedeas bond." *J.A. Masters*, 2024 WL 3873146, at *1.

> The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal. A judgment debtor who wishes to appeal may use the bond to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal. At the same time, the bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal.

*Id.*

Attending an evidentiary hearing without obtaining the documents requested would disadvantage Plaintiffs. This is the first post-judgment discovery. Seeing the documents for the first time at the hearing does not give Plaintiffs enough time to investigate, prepare for cross-examination, and possibly subpoena witnesses.

**D.        This motion is timely**

The Court entered judgment on March 26, 2026. Plaintiffs served these requests on March 31, 2026. At the hearing on entry of judgment, at Defendants' request, the Court set the April 22

evidentiary hearing on any motions related to the bond. Defendants declined the invitation from the Court for more time.

At the hearing on entry of judgment, Plaintiffs requested documents be provided in advance of the bond hearing, so as not to be blindsided. Defendants' counsel said they would assess the request. Plaintiffs served requests for production, Exhibit 1, on March 31, 2026, and requested Defendants agree to respond in 15 days. The parties have been unable to reach agreement. Plaintiffs request the Court's intervention, so that Plaintiffs may properly prepare for the April 22, hearing.

### Conclusion

Plaintiffs request the Court grant this motion and order Defendants to produce the requested documents on April 15, 2026.

Dated: April 7, 2026

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Richard Schwartz*
Richard A. Schwartz
State Bar No. 17869450
Federal ID No. 5344
dschwartz@munsch.com
700 Milam Street, Suite 800
Houston, Texas 77002
Telephone: (713) 222-4076
Facsimile: (713) 222-5869

Michael A. Harvey
Texas Bar No. 24058352
Federal ID No. 917759
700 Milam Street, Suite 800
Houston, Texas 77002
Phone: (713) 222-4015
Fax: (713) 222-5834
mharvey@munsch.com

Michael B. Martin
MARTIN WALTON LAW FIRM
State Bar No. 13094400
Federal ID No: 8824
699 S. Friendswood Drive, Suite 106
Houston, Texas 77546-4580
Telephone: (713) 773-2035
Facsimile: (832) 559-0878
mmartin@martinwaltonlaw.com

**ATTORNEYS FOR PLAINTIFFS,
CARLO GIUSEPPE CIVELLI AND
ASTER CAPITAL S.A. (LTD), PANAMA**

## CERTIFICATE OF CONFERENCE

I, Dick Schwartz, certify that I wrote Defendants' counsel on March 31, and April 2, 2026, and conferred by phone on April 3 and April 6, 2026 to request agreement to the relief requested. I have been advised that it is under consideration, but have not received agreement.

*/s/ Richard A. Schwartz*
Richard A. Schwartz

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record on April 7, 2026, using the CM/ECF system which will send notification of such filing to all counsel of record who have registered as filing users of the system.

R. Paul Yetter                        pyetter@yettercoleman.com
Justin S. Rowinsky                    jrowinsky@yettercoleman.com
David J. Gutierrez                    dgutierrez@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000

Warren W. Harris                      warren.harris@bracewell.com
Jacob McIntosh                        jacob.mcintosh@bracewell.com
BRACEWELL LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 221-1490

Jenny H. Kim                          jkim@bsfllp.com
Michael Fay                           mfay@bsfllp.com
Valecia Battle                        vbattle@bsfllp.com
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
(212) 446-2371

Allyson N. Ho                         Aho@gibsondunn.com
GIBSON DUNN & CRUTCHER
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2923
(214) 698-3233

**COUNSEL FOR THE MULACEK DEFENDANTS**

*/s/ Richard A. Schwartz*
Richard A. Schwartz

8