IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLO GIUSEPPE CIVELLI, *et al.*, | § § § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:17-cv-03739 |
| | § | |
| PHILIPPE EMANUEL MULACEK, *et al.*, | § § | |
| Defendants. | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SHORTEN TIME TO RESPOND TO POST-JUDGMENT REQUESTS FOR PRODUCTION**

Plaintiffs' Motion to Shorten Time to Respond to Post-Judgment Requests for Production (the "Motion") should be denied.  The Mulacek Defendants will not be filing a motion for the Court to use its discretion to lower the supersedeas bond needed to stay enforcement ("Bond Motion"), so the April 22 hearing should be adjourned.  Post-judgment discovery should proceed as required under the Federal Rules of Civil Procedure.

### BACKGROUND

During the March 26, 2026 hearing, the Court inquired whether the Mulaceks would file a Bond Motion and conditionally set a hearing for April 22 to consider a Bond Motion *if* it was filed. On March 31, Plaintiffs' counsel served ten requests for production purportedly in connection with the potential Bond Motion.  Plaintiffs asked for responses by April 15.

The parties also started discussing setting a mediation at the end of April.  Those discussions included a stay of enforcement on execution of the judgment, as well as post-judgment discovery.  On April 7, Plaintiffs' counsel stated:

> I am going to go ahead and file the motion to shorten time to respond to Civelli's post-judgment requests for production and request the Judge to hold a telephone hearing. My request to shorten time has been under

consideration for a week now. *If we can reach agreement, I can ask the Judge not to rule.*

Exh. 1 (emph. added).

On April 9 the parties agreed to a mediation on April 27 and a corresponding extension of the stay of execution through May 18. On April 10, the parties filed a stipulation extending the stay of execution to May 18. *See* Dkt. 1232. Although Plaintiffs stated that they would effectively withdraw the Motion, they have not yet done so.

### ARGUMENT AND AUTHORITIES

First, good cause does not exist to shorten the Mulaceks' time to respond to Plaintiffs' pending discovery requests to 15 days. As Plaintiffs' Motion notes, Rule 34(b)(2)(A) establishes 30 days as the default response time. Plaintiffs have the burden to demonstrate good cause for any departure from that default. Plaintiffs' sole justification for their requested relief is the need for seven days to review any materials that the Mulaceks will introduce as evidence at the currently scheduled April 22 hearing on a potential Bond Motion. However, after careful consideration, the Mulacek Defendants have decided not to file a Bond Motion. Accordingly, there is no need for the April 22 hearing. The Mulacek Defendants therefore request that the April 22 hearing be adjourned and the standard 30-day response deadline remain in effect.

Second, Plaintiffs' Motion should also be denied because it improperly tries to circumvent the automatic 30-day stay of post-judgment discovery. *See* Fed. R. Civ. P. 62(a) ("[E]xecution on a judgment *and proceedings to enforce it* are stayed for 30 days after its entry . . . .") (emph. added). Discovery aimed at identifying assets or otherwise facilitating collection constitutes a "proceeding[] to enforce" the judgment." *See, e.g.*, *Abbott Lab'ys v. H&H Wholesale Servs., Inc.*, 2024 WL 3455827, at *2 (E.D.N.Y. July 17, 2024) (describing "the expiration of the automatic 30-day stay on post-judgment discovery under" Rule 62(a)).

-2-

Here, multiple requests seek information that Plaintiffs could use to assist with collection on the judgment (*see, e.g.*, Dkt. 1231-1 at 7–8). Plaintiffs should be precluded from obtaining this discovery unless and until any stay on enforcing the current final judgment is lifted. That is particularly true here, where the Court has entered an agreed stipulation that extends the automatic stay of execution on the judgment through May 18 because of a scheduled mediation on April 27.

## CONCLUSION

Because the Mulacek Defendants do not intend to file a Bond Motion, Plaintiffs' Motion should be denied as moot.

Dated: April 14, 2026

Respectfully submitted,

*/s/ R. Paul Yetter*

Michael M. Fay (*pro hac vice*)
mfay@bsfllp.com
Jenny H. Kim (*pro hac vice*)
jkim@bsfllp.com
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York 10001
(212) 446-2354

Warren Harris
State Bar No. 09108080
warren.harris@bracewell.com
BRACEWELL LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002 2770
(713) 221-1490

R. Paul Yetter
State Bar No. 22154200
pyetter@yettercoleman.com
Reagan W. Simpson
State Bar No. 18404700
rsimpson@yettercoleman.com
Justin S. Rowinsky
State Bar No. 24110303
jrowinsky@yettercoleman.com
David J. Gutierrez
State Bar No. 24127526
dgutierrez@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000

Allyson N. Ho
State Bar No. 24033667
AHo@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201
(214) 698-3233

ATTORNEYS FOR DEFENDANTS

-3-

## CERTIFICATE OF SERVICE

I certify that on April 14, 2026, a copy of the foregoing was served through the Court's e-filing system to all parties who have entered an appearance in this lawsuit.

/s/ *Justin S. Rowinsky*
Justin S. Rowinsky