United States District Court
Southern District of Texas

**ENTERED**

April 22, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLO GIUSEPPE CIVELLI, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-03739 |
| | § | |
| J. P. MORGAN CHASE SECURITIES, LLC, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING DEFENDANTS' MOTION TO DEFER

Before the Court is Defendants' pending Motion to Defer, in which they argue that the Court should "defer briefing on . . . and any award of attorney fees until after [Defendant's] upcoming appeal" to "avoid[] the need for possible re-litigation of the attorney fees issue should the case be reversed in whole or in part on appeal." Dkt. No. 1220, at p.1. Although Federal Rule of Civil Procedure 54 affords courts the discretion to defer a decision on attorney's fees, the Advisory Committee Notes to the rule explain in part that "[p]rompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind." FED. R. CIV. P. 54 (advisory committee's notes (1993 Amendments)). The Court concludes that both accuracy and judicial economy will best be served by a prompt resolution of trial-level fees incurred through its entry of judgment. That said, the Fifth Circuit's "preferred procedure" for *appellate* attorneys' fees is to remand for the determination of the fees following the resolution of an appeal. *See Zimmerman v. City of Austin*, 969 F.3d 564, 571 (5th Cir. 2020). The Court finds that at this stage, judicial economy would best be served by reserving the question of appellate fees for "after the appeal," as Plaintiffs have suggested. *See* Dkt. No. 1238, at p.2.

Defendants also seek to stay enforcement of the judgment pending the Court's ruling on all post-judgment motions, or alternatively, until the resolution of at least Plaintiffs' future motions for attorney's fees. Dkt. No. 1220, at pp.3–6.  The Court is unconvinced that either version of a stay is warranted. "Fed.R.Civ.P. 62(d) provides that a party is entitled to an automatic stay of proceedings to enforce a judgment upon appeal when it *posts a supersedeas bond*." *Eurasia Int'l., Ltd. v. Holman Shipping, Inc.*, 411 F.3d 578, 585 (5th Cir. 2005). To postpone enforcement in this way would be to allow a stay without bond, leaving the prevailing party unsecured "against any loss sustained as a result of being forced to forgo execution on a judgment. . . ." *Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).

For these reasons, Defendants' motion to defer an award of attorney's fees (Dkt. No. 1220) is **DENIED** with the exception of appellate attorneys' fees, which shall be determined after appeal. Furthermore, Defendants' request to postpone enforcement is also **DENIED**.

SO ORDERED April 22, 2026, at McAllen, Texas.

Randy Crane
Chief United States District Judge

2 / 2