United States District Court
Southern District of Texas

**ENTERED**

May 08, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CARLO GIUSEPPE CIVELLI, *et al.*,            §
                                             §
        Plaintiffs,                          §
                                             §
VS.                                          §    CIVIL ACTION NO. 4:17-CV-03739
                                             §
J. P. MORGAN CHASE SECURITIES, LLC,          §
*et al.*,                                    §
                                             §
        Defendants.                          §

## ORDER ON DEFENDANTS' EMERGENCY OPPOSED MOTION TO EXTEND THE AUTOMATIC STAY UNDER RULE 62(A) OR IN THE ALTERNATIVE FOR A TEMPORARY STAY

On April 14, 2026, the Court adopted a joint stipulation to stay enforcement of the final judgment through May 18, 2026. Dkt. No. 1235. Then, on April 22, 2026, the Court denied Defendants' motion to stay enforcement of the judgment pending the resolution of all post-judgment motions. Dkt. No. 1241.

Now before the Court is Defendants' Emergency Opposed Motion to Extend the Automatic Stay Under Rule 62(a) or in the Alternative for a Temporary Stay. Dkt. No. 1248. Defendants request a stay of enforcement of the judgment pending the resolution of their motion in the Fifth Circuit to approve a $25 million bond allegedly per Texas's substantive cap, or in the alternative, a seven-day administrative stay "to permit the Fifth Circuit sufficient time to address and rule on the Mulaceks' forthcoming request for an administrative stay . . . pending its consideration." *Id*. at p.1.

The Fifth Circuit applies a four-part test for determining whether to grant a discretionary stay: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether

the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest. *Arnold v. Garlock, Inc.*, 278 F.3d 426, 439–42 (5th Cir. 2001). The party requesting the stay must establish each of these elements.

Defendants argue that absent a full stay, "[t]he Mulaceks will either have to post (and obtain this Court's approval of) a supersedeas bond for the full judgment in excess of $210 million, or Civelli will initiate proceedings to enforce the judgment and execute on the Mulaceks' assets (which may never be recouped even if the Mulaceks ultimately prevail in whole or in part on appeal)." Dkt. No. 1248, at p.2. Defendants do not explain exactly why they might be unable to recoup the assets, nor do they identify any extraordinary features of said assets that might establish some other avenue of harm. Indeed, "[t]he potential for Appellants to fail in recovering the assets after a successful appeal due to," for example, "'legal obstacles or the transferees' creditworthiness' is insufficient." *In re Steward Health Care Sys., LLC*, 2025 WL 1095100, at *2 (S.D. Tex. Apr. 11, 2025).[1] As the Fifth Circuit has made clear, "simply showing some *possibility* of irreparable injury fails to satisfy the second factor." *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 376 (5th Cir. 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 434–35 (2009)) (emphasis added). For these reasons, Defendants have not made a showing that they have satisfied an element supporting a stay of the judgment pending appeal; the Court must deny the order.

That said, the Court finds that the Fifth Circuit should have enough time to review Defendants' "forthcoming request for an administrative stay in that Court" pending its consideration of the Mulaceks' motion to approve a $25 million bond cap. The Court agrees that an administrative stay of one week will work little harm to Plaintiffs, "while balancing the Fifth Circuit's interest" in evaluating the necessity of a further stay. *Garcia v. Posada*, 2024 WL 4415280, at *1 (N.D. Tex. Apr. 9, 2024).

---

[1] This is not to mention that even "if unrecoupable . . . litigation costs constitute irreparable harm in these circumstances, the harm is of little weight." *Plaquemines*, 84 F.4th at 376.

For these reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' emergency motion to stay. It is **ORDERED** that the stay of execution of judgment which ends on May 18, 2026 is administratively extended by seven (7) days (May 25, 2026) to allow the Fifth Circuit to determine the necessity of a further stay.

SO ORDERED May 8, 2026, at McAllen, Texas.

Randy Crane
Chief United States District Judge